STATE *v.* LUCIUS COLLINS, JAMES EWENS and HENRY W. PUTNAM.

October Term, 1901.

Present: TAFT, C. J., TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed December 2, 1901.

*Liquor nuisance—Bill to enjoin—Parties—Knowledge of agent—Imputation to owner—Character of proceedings —Variance.*

A proceeding in chancery to abate and enjoin a liquor nuisance is purely civil in its character, being a proceeding to fix the *status* of the property.

The knowledge of an agent of the existence of such a nuisance in rented premises, is imputable to the owner.

There is no substantial variance between an allegation that a defendant knew and consented to the existence of such a nuisance and proof that his agent knew or had reason to know of it.

APPEAL IN CHANCERY. Heard at the June Term, 1901, Bennington County, upon the report of a master, *Rowell,* Chancellor, presiding. Perpetual injunction granted against all the defendants according to the prayer of the bill which was in common form for abating and enjoining a liquor nuisance. The defendants Collins and Putnam appealed.

*James K. Batchelder* for appellants.

The petition should have been dismissed as against the defendant Putnam. It alleges that intoxicating liquor was and is kept with his knowledge or consent. The report finds that this is untrue. It cannot aid the complainant that Putnam's agent had reason to suspect that it was so kept on the premises. Such is not the allegation. The complainant in chancery must stand or fall upon the case made in the petition. *Thomas* v. *Warner,* 15 Vt. 110; *Barrett* v. *Sargent,* 18 Vt. 365; *Blaisdell* v. *Steven,* 16 Vt. 179; *Porter* v. *Bank of Rutland,* 19 Vt. 410; *McOrmsby* v. *Lowe,* 24 Vt. 436.

The growth of the law relating to liquor nuisances shows that it requires one more step to reach this case. The expression "or suffered to be maintained," found in section 2 of No. 90, Acts of 1898, applies to the owner of the building, and it must affirmatively appear, not only that a nuisance existed in the building, but also that the owner *suffered* it to exist; that is, that he *allowed* and *permitted* it to exist. He must have knowledge of it, or it must appear that he ought to have known of it. *State* v. *Massey, et al.,* 72 Vt. 210; *Marsan* v. *French,* 61 Tex. 173; *Grace* v. *Newton,* 135 Mass. 490; *McDonough* v. *Gilman,* 3 Allen, 264; *Slight* v. *Gutzlaff,* 35 Wis. 675; *State* v. *Stafford,* 67 Me. 125.

The report negatives any knowledge or implication of knowledge on the part of Putnam, and the knowledge or suspicion of his agent cannot be imputed to him. Putnam would

have the right to rely upon the presumption that no liquor was being sold on the premises, because such sale would be illegal.  *Scullman* v. *Ins. Co.,* 69 Vt. 470; *Childs* v. *Merrill,* 66 Vt. 302.

The owner provides a competent agent to look after his property; must he be adjudged to have *suffered* a nuisance to exist because his agent did not communicate his suspicions to him?  Such might be the result if the nuisance complained of was a common law nuisance, but it is not.  It will not be contended that Putnam could be fined under the Act of 1888 for knowingly permitting his building to be used for the illegal sale of liquor.  If it is claimed that this proceeding is civil, while that would be criminal, it is answered that both are founded upon the same statute which is penal; and the decree when recorded will forever cast an odium upon Putnam and his memory.  This is equivalent to the imposition of a fine. *Gregory* v. *U. S.,* 17 Blach. 325.

*J. J. Shakshober,* State's Attorney, for the state.

This proceeding is civil.  The statute provides that it shall be entered, docketed, heard and determined in accordance with the usual course of proceedings in chancery.  V. S. 4528; *State* v. *Murphey,* 71 Vt. 128; *Carlton* v. *Rugg,* 149 Mass. 550.  Equity will enjoin a nuisance even though a jury has acquitted the defendant from maintaining it.  Its existence need not be shown beyond a reasonable doubt.    *Minke* v. *Hofeman,* 29 Am. R. 63; *Bohan* v. *Gas Light Co.,* 9 L. R. A. 716.

The knowledge of the agent will be imputed to the principal.  *Hill* v. *North,* 34 Vt. 604; *Backman* v. *Wright,* 27 Vt. 187; Meacham on Agency, s. 725.

If the proceedings were criminal the result would be the same.  The general proposition that a person cannot be punished criminally for the acts of another committed without

his procurement, finds an exception in prosecutions for publication of libel and for maintaining a nuisance. I Bishop on Criminal Laws, ss. 219, 317, 1075; *People* v. *White Lead Works,* 9 L. R. A. 722; *State* v. *Brown,* 13 L. R. A. 196.

STAFFORD, J.   The Putnam House, a hotel in the village of Bennington, is owned by Henry W. Putnam, a resident of California, whose interests in the premises are in charge of an agent residing in Bennington.   The premises are under lease to Collins, who has occupied them as an inn, except two rooms which have been occupied by Ewens, a tenant under him, for the unlawful sale and keeping for sale of intoxicating liquor. The unlawful use was known to Collins. It was not known to Putnam himself, nor to his agent; but his agent had reason to suppose, and did in fact suspect and suppose, that such was the case.   No question is made but that the place is one of public resort, nor that it is a common nuisance  as to the keeper, by virtue of V. S. 4512. 'An injunction is sought against all three defendants, Ewens, Collins, and Putnam, their agents, etc., enjoining them from further maintaining or permitting the nuisance.   Such a decree was granted in the court of chancery, and therefrom Collins and Putnam have appealed.

The owner and all persons interested in the premises, as well as the keeper thereof, may be made parties; and if it is finally adjudged that such common nuisance has been kept and maintained, or suffered to be maintained, they, their servants, agents, lessees, tenants, and assigns, shall be perpetually enjoined from keeping and maintaining such nuisance or suffering it to be maintained in the premises, or any part thereof. Acts 1898, No. 90, § 2.

Has Putnam suffered the nuisance to be maintained? That Collins has is apparent; and the contrary is not asserted. If Putnam is chargeable with what his agent knew, or had reason to know, it is equally clear that he, also, suffered it;

for we held in *State* v. *Massey,* 72 Vt. 210, 220, 47 Atl. 834, 837, that, if the owner "had reason to suppose that his property was being used for the unlawful purpose, an injunction should be granted against him as well as against the keeper." It is obvious that the knowledge or notice came to the agent in the present case strictly within the scope of the agency. But it is objected that it should not be imputed to the principal in this proceeding, because, it is said, it is *quasi* criminal, if not criminal, and fixes a stain upon the property, and upon the owner as well. If the proceedings were regarded as purely civil, it would probably be admitted that knowledge is chargeable; and civil it surely is, being a proceeding in chancery to fix the status of the property, and, if it be found to be a nuisance, to enjoin its further maintenance as such, as against all who may be responsible therefor. That the nuisance may be also a breach of criminal law does not make this proceeding criminal. It moves according to the usual course of chancery proceedings, and contempt of its injunctions are punishable upon common principles. *State* v. *Murphy,* 71 Vt. 127, 41 Atl. 1037; V. S. 4528.

And why should not the owner be enjoined in a case like this? He who finds it convenient to control his property through an agent rather than in person, must submit to the inconveniences that accompany the relation. His agent stands in his stead; and if the agent permits the property to become a nuisance, the owner permits it, and ought to be held responsible. If the agent has left the principal in ignorance of the situation, is it not just that the misfortune should fall upon the principal, who appointed him, rather than upon the public, which has no voice in his appointment?

For the same reason we think there is no substantial variation between the allegation that Putnam knew and con-

sented, and the finding that his agent knew, or had reason to know.

The only point insisted upon by Collins is that as to him the bill made one case and the proof another, in that, it is said, the bill charged him with selling. But an examination of the bill discloses that such was not the charge. It is the only variation pointed out, and no other need be considered.

*Decree affirmed, and cause remanded.*

*Liquor nuisance—Bill to enjoin—Evidence—Variance.*