## CHAS. M. BURCKELL v. STATE OF TEXAS.

### Decided November 6, 1907.

**1.—Judgment—Evidence—Presumption.**

In the absence of a statement of facts, the presumption will be indulged on appeal that the evidence was sufficient to support the judgment rendered by the trial court.

**2.—Unlawful Sale of Liquor—Nuisance—Injunction.**

The Act of the Thirtieth Legislature (Gen. Laws 1907, page 166) declaring the sale of intoxicating liquors without a license a public nuisance, and providing for the prevention of the same by injunction, is not unconstitutional.

**3.—Same—Temporary Injunction.**

The fact that the Act of 1907 dispenses with a verification of the petition for injunction when applied for by the State, is no reason why a temporary injunction should not be granted as in other cases.

**4.—Sale of Liquors—Act of 1907.**

After the passage of the Act of April 18, 1907, it was necessary to procure a license as provided for in said Act to pursue the occupation of selling intoxicating liquors.

Appeal from the District Court of El Paso County. Tried below before Hon. S. P. Wusiger, Special Judge.

No brief for appellant received by reporter.

*E. B. Elfers,* for appellee.—A license to sell intoxicating liquors is a permit, granted and accepted subject to the contingency that there may be changes in the laws adopted in the exercise of that power which will render the privilege less valuable or the responsibility more onerous, or which will revoke the privilege entirely. It is only a permission to enjoy a privilege for a specified time unless it be sooner abrogated. It is an exercise of the police power, and does not include any contractual relations whatever. Black on Intoxicating Liquors, secs. 127, 128; Freund on Police Power, sec. 564; Sprayberry v. Atlanta, 13 S. E. Rep., 199; La Croix v. County Commissioners, 49 Conn., 591; Brown v. The State of Georgia, 82 Ga., 224; Powell v. State, 69 Ala., 10; Wheeler v. State, 64 Miss., 462; Columbus City v. Cutcomp, 61 Ia., 672; Barnett v. Pemiscot Co. Court, 86 S. W. Rep. (Mo.), 575; Sarlo v. Pulaski Co., 88 S. W. Rep. (Ark.), 953.

The repeal of a law under which a license was granted revokes the license. Commonwealth v. Brennan, 103 Mass., 70; Calder v. Kurby, 5 Gray, 597; Pleuler v. State, 11 Neb., 547; Fell v. State, 20 Am. Rep., 83; Ex parte Lynn, 19 Texas Crim. App., 293; Davis v. State, 2 Texas Crim. App., 425; Rowland v. State, 12 Texas Crim. App., 418.

If a statute embraced the essential provisions of an antecedent one on the same subject, and formulated a new system, the intention that the new shall be a substitute for the old is manifest, although there be no expressed intention to that effect. Commonwealth v. Mann, 168 Pa. St., 290; 1 Lewis Southerland on Statutory Construction, sec. 255; Etter v. Missouri Pac. Ry. Co., 2 Texas App. C. C., 58; Dickinson v. State, 38 Texas Crim. Rep., 472; Harold v. State, 16 Texas Crim. Rep., 157; United States v. Tynen, 11 Wall., 88.

NEILL, ASSOCIATE JUSTICE.—This is an appeal from an interlocutory or preliminary injunction, granted at the instance of the State in a suit brought in her behalf by the county attorney, restraining the appellant from further selling or offering for sale intoxicating liquors in the city of El Paso, Texas, at No. ——, San Antonio street, between Stanton and Kansas streets, in the building known as the Trust Exchange, without having first procured the license and paid the taxes required by law.

The substance of the petition, upon which the writ was granted, is that the defendant, as an individual, was, on the 22d day of September, A. D. 1907, and has been since, and is now keeping and maintaining a public nuisance at No. —— San Antonio street, between Stanton and Kansas streets, in the city and county of El Paso, Texas, in a building and saloon known as the "Trust Exchange," situated in block 38, Campbell's Addition of the city of El Paso, Texas, in this: "That he was on said date, has been since, and is now engaged in and pursuing the business of selling intoxicating liquor at the aforesaid place without having the necessary license and paid the taxes required by law." The prayer in the petition is for a temporary writ of injunction, such as was awarded, and upon final hearing that it be perpetuated.

The defendant, after interposing general and special exceptions to the petition, answered in substance that, long prior to the dates alleged by complainant, he filed his application for a license, as required by law, and that such license was issued, which he holds, covering the period from November 1, 1906, to November 1, 1907, for which he paid not only the amount due the State but the amount due the county of El Paso, and that, having procured said license, he executed a bond in due form, as provided by law, which was duly approved by the county judge of El Paso County and filed in accordance with the law; that, under the terms of said license and bond, he became and was entitled to sell liquor as a retail liquor dealer, and continues so to do; and that if he made any sales during the time alleged in said petition, in the manner therein averred, such sales were made under the terms and pursuant to said license and bond.

Though the interlocutory judgment appealed from recites that the court heard the pleadings of plaintiff and original answer of defendant together with the affidavits thereto annexed and the evidence thereunder adduced, no statement of facts showing what the evidence was appears in the record. Therefore, in the absence of such a statement, it will be presumed in favor of the judgment, if it does not sufficiently appear from defendant's answer that he was, at the time and place

alleged, engaged in and pursuing the business of selling intoxicating liquors, without having any license other than is set out in his answer, or having paid the tax required by law.

The Act of April 6, 1907, declares "any person, firm or corporation who may engage in or pursue the business of selling intoxicating liquor, without having first procured the necessary license and paid the tax required by law," to be the creator and promoter of a public nuisance, and provides he may be enjoined at the suit of any county or district attorney in behalf of the State, or any private citizen thereof. Gen. Laws Thirtieth Leg., p. 166.

The suit in which the interlocutory injunction was granted is evidently based upon this statute; for without it, or a similar statute, a bill for an injunction would not probably lie. Casino v. State, 34 S. W. Rep., 769; State v. Patterson, 14 Texas Civ. App., 465. But it is contended by appellant that the statute is unconstitutional. We can perceive no tenable ground for this contention. In other jurisdictions, where the constitutions are similar to ours, statutes declaring the business of selling intoxicating liquors without a license to be a public nuisance, and providing that one may be restrained by injunction from maintaining such nuisance, have generally been held constitutional. Devanney v. Hanson (W. Va.), 53 S. E. Rep., 603; State v. Thomas (Kan.), 86 Pac. Rep., 499; Commissioners v. Howe, 79 Mass., 26; State v. Hughes, 16 Atl. Rep., 911; Carleton v. Rugg, 149 Mass., 550; 22 N. E. Rep., 55; Littleton v. Fritz, 65 Iowa, 488; 22 N. W. Rep., 641; Davis v. Auld, 53 Atl. Rep., 118; 96 Me., 559; State v. Collins, 74 Vt., 43; 52 Atl. Rep., 69; Mugler v. Kansas, 123 U. S., 623; 31 L. Ed., 205; Powell v. Pennsylvania, 127 U. S., 678; 32 L. Ed., 253; Walker v. McNelly, 121 Ga., 114; 48 S. E. Rep., 718; Lofton v. Collins, 61 L. R. A., 151. See also Black on Intoxicating Liquors, sec. 339. Every objection urged by appellant to the constitutionality of the statute under which the suit was brought has been met and answered by the opinions in the cases cited, and we only deem it necessary to refer to them for the reason given for sustaining similar statutes, and in which we concur in holding the one in question constitutional.

Section 2 of the Act referred to provides that the procedure in all cases brought thereunder shall be the same as in other suits for injunction as nearly as may be; but provides that when suit is brought in the name of the State by any of its authorized officers the petition for injunction may not be verified. In view of these provisions we see no reason why a temporary injunction should not be granted, as in other cases, restraining the defendant during the pendency of the suit from maintaining the nuisance.

The only other question raised by the assignments that need be considered is: Had the defendant procured the necessary license and paid the tax required by law for pursuing the business of selling intoxicating liquors? He had procured no license nor paid any tax under the Act of April 18, 1907, though he was selling intoxicating liquor on the 22d of September, 1907. In view of these facts the question must, under the authority of the recent opinion of the Court of Criminal Appeals in *ex parte* Steve Vaccarezza, be answered in the negative.

There is no error requiring the reversal of the interlocutory judgment granting the temporary injunction, and it is affirmed.

*Affirmed.*

Writ of error refused.