## Eng Jelinek v. State of Texas.

Decided November 21, 1908.

**1.—Disorderly House—Sale of Intoxicating Liquors—Injunction—Pleading.**

A petition for injunction against the keeping of a disorderly house which alleged that "spirituous, vinous and malt liquors" were there kept and sold by defendant without obtaining license therefor was not defective in failing to charge that the liquor so kept was intoxicating.

**2.—Same—Negativing Exceptions.**

It is ordinarily sufficient to charge an offense in the terms of the statute defining it, and unnecessary to negative an exception to liability not made by the Act defining the offense.

**3.—Same.**

The statute having declared "any house in which spirituous, vinous or malt liquors are sold or kept for sale without first having obtained a license," to be a disorderly house (Gen. Laws, 1907, p. 246, amending Penal Code, art. 359) it would seem that the courts were authorized to indulge the presumption that the liquors so enumerated were intoxicating.

**4.—Injunction—Answer.**

On appeal from an order granting temporary injunction, an answer of the defendant to the merits filed after the issuance of the temporary writ cannot be considered.

Appeal from the District Court of Baylor County. Tried below before Hon. Chas. E. Coombes.

*J. T. Montgomery, Bisland & Bruce* and *Baker, Botts, Parker & Garwood,* for appellant.—No license is required for the sale of spirituous,

vinous or malt liquors unless the same are capable of producing intoxication; still, under the allegations of plaintiff's petition, were defendant engaged in the sale of spirituous, vinous and malt liquors, and such liquors as sold by him were not capable of producing intoxication, then defendant would be deprived of his right to sell, although no license was required. The very answer of the defendant in this case shows that he is engaged in the sale of malt liquor at the place described in plaintiff's petition, but that said malt liquor is not capable of producing intoxication and no license is required by law for the sale of same. We call the court's attention to the cases of Gillis v. Rosenheimer, 64 Texas, 243; Cotulla v. Burswell, 54 S. W., 614, in support of our contention.

*T. J. North, D. A. Holman, D. F. Goss* and *J. A. Wheat,* for appellee.

CONNER, CHIEF JUSTICE.—This is an appeal allowed under a recent Act of the Legislature (see Gen. Laws 1907, p. 207) from an order of the Honorable Charles E. Coombes, judge of the Fiftieth Judicial District, directing the issuance of an injunction at the suit of the county attorney of Baylor County to restrain appellant from keeping a disorderly house. The charging part of the petition here material is as follows:

"Your petitioner is informed and believes and states as a fact that Eng. Jelinek, who is a resident of Baylor County, Texas, is directly concerned in keeping, aiding, assisting and abetting in keeping a disorderly house, to wit, a house in which spirituous, vinous and malt liquors are sold and kept for sale, without the said Eng Jelinek first having obtained a license under the laws of this State to retail such liquors at and in the house hereinafter described and located, as follows, to wit: Said house is located in the city of Seymour, in the County of Baylor, State of Texas, and situated on the south one-third of lot No. 1 and the north one-third of lot No. 2, in block 5, in McLain's part of the original town of Seymour, Baylor County, Texas; said building being a one-story brick building facing on Main Street in said city of Seymour. And the said T. J. North, county attorney in and for Baylor County, Texas, in the name and by the authority of the State of Texas, further says that he is informed and believes that said Eng Jelinek is now, and for some time past has been, in the actual and habitual use and occupancy of the above described premises for the purpose of keeping and aiding and abetting in keeping said disorderly house, to wit, the house in which spirituous, vinous and malt liquors are sold and kept for sale, without first having obtained a license under the laws of this State to retail such liquors, being the house above described, in open violation of law."

The petition is not questioned in its formal parts or prayer, but it is insisted that no right to the issuance of an injunction is shown in that it is not averred that the "spirituous, vinous and malt liquors" charged to be kept and sold by appellant in the house specified in petition are capable of producing intoxication. The insistence is that since the decision of our Court of Criminal Appeals in the case of Ex parte Woods, 52 Texas Crim. Rep., 575, declaring the Act of the Thirtieth Legislature approved April 16, 1907 (see Gen. Laws 1907, p. 212), authorizing

an occupation tax, and in certain instances requiring license of dealers in malt liquors, to be unconstitutional, no license is required of dealers in either spirituous, vinous or malt liquors not capable of producing intoxication, and hence an exception to the requirement of license exists that should have been negatived in the petition.

The question presented is not free from difficulty, but we have finally concluded to overrule appellant's contention. The Act under which the proceeding is prosecuted (Gen. Laws 1907, p. 246) is one amending article 359 of the Penal Code defining disorderly houses. So far as applicable here, a disorderly house is defined to be "any house in which spirituous, vinous or malt liquors are sold or kept for sale without first having obtained a license under the laws of this State to retail such liquors." The Act further provides that "the habitual, actual, threatened or contemplated use of any premises, place, building, or part thereof, for the purpose of keeping, being interested in, aiding or abetting the keeping of a disorderly house shall be enjoined at the suit of either the State or any citizen thereof."

It is to be observed that the petition includes the terms of the Act defining a disorderly house, and it is only by calling in aid said decision and the Act approved April 18, 1907 (Gen. Laws 1907, p. 258), regulating the sale of intoxicating liquors, that it is made to appear that a license is required for retailing such spirituous, vinous or malt liquors only as are "capable of producing intoxication." In other words, the Act defining a disorderly house in terms inhibits the keeping of any house in which spirituous, vinous or malt liquors are sold or kept for sale without first having obtained license under the laws of the State, regardless of whether or not such liquors are intoxicating. Ordinarily, even in cases of indictment it is sufficient to charge an offense in the terms of the statute defining it. Ordinarily, too, exceptions to the operation of a law need not be negatived in an indictment unless the exception be made in the very Act defining the offense. See White's Code of Criminal Procedure, section 375, and authorities therein cited. We know of no reason why greater particularity in pleading should be required in this proceeding, which is at most only quasi criminal. The object to be attained by the Act authorizing this proceeding is the suppression of disorderly houses. Such houses may be constituted in any one or more of the ways designated in the statute defining them, and among others in the way declared by the petition before us. If it be true that appellant comes within an exception arising under other statutes, it can and will doubtless be determined in a hearing upon the merits which the law affords him, but for the purposes of the present construction, arising as it does without exception or demurrer that we can consider, we feel that we are authorized to indulge the presumption that the words "spirituous, vinous and malt liquors" import at least some degree of an intoxicating property, and therefore within the purview of the law.

In the case of the State v. Reily, 52 Atl., 1005, the Supreme Court of New Jersey, in disposing of an indictment against Reily, to which he had entered a plea of guilty, for having unlawfully and habitually sold, offered and exposed for sale certain spirituous, vinous, malt and brewed liquors, say: "Against the indictment thus confessed the defendant pre-

sents only one objection outside of those which have been considered and overruled in the case of State v. Farnum (at this term), 52 Atl., 956. That objection is that the indictment fails to aver, according to the words of section 74 of the Criminal Procedure Act (P. L. 1898, p. 894), that the liquors sold were intoxicating. As was said in State v. Schmid, 57 N. J. L., 625, 627, 31 Atl., 280, this section 74 does not attempt to prescribe the language in which the pleader should aver the facts; its purpose was merely to do away with the allegation of keeping a disorderly house, and substitute therefor an allegation of the sale of intoxicating liquors contrary to law, when such sale was the only element of unlawfulness to be proved. It is enough, therefore, if the conclusion of the indictment distinctly shows that the substance of the charge is the habitual sale of intoxicating liquors contrary to law. This indictment, employing the words of the said section 66, describes the liquors sold as 'spirituous, vinous and malt.' Each of these sorts of liquor is commonly known to contain a considerable proportion of alcohol, and alcohol is commonly known to be an intoxicant. Therefore when, in its conclusion, this indictment alleged that the sale of those liquors was contrary to law, it complied, in substance, with said section 74. Taken in its entirety, the indictment clearly charged, and with sufficient particularity, the sale of intoxicating liquors under such circumstances as would, at common law, have constituted the offense of keeping a disorderly house. This fulfills the requirements of our statutes." This authority in a measure seems applicable here, and tends, we think, to support the view we have expressed.

In coming to the conclusion indicated, we have not regarded, as urged to do, an answer to the merits that appears to have been filed by appellant after the issuance of the writ of injunction in this case. It was not before the judge who granted the order of injunction, and therefore, under the Act authorizing appeals from such orders, can not be considered by us. See City of Paris v. Sturgeon, 110 S. W., 459, which we approve. Whether, as alleged in the answer, the "Hiawatha" which appellant confesses he is selling is a harmless, non-intoxicating malt liquor, as he insists, must be determined by the trial tribunal as other issues of fact.

We conclude that the judgment should be affirmed.

*Affirmed.*