No. 18,980.

THE STATE OF KANSAS, *Appellee,* v. JOSEPH CIPRA, *Appellant.*

SYLLABUS BY THE COURT.

INJUNCTION—*Liquor Nuisance—Civil Action—Preponderance of Evidence Sufficient.* An action to enjoin the maintenance of a liquor nuisance is not criminal but civil, and a preponderance of evidence is sufficient to warrant an injunction.

Appeal from Ellsworth district court; DALLAS GROVER, judge. Opinion filed July 7, 1914. Affirmed.

*Ira E. Lloyd,* and *N. F. Nourse,* both of Ellsworth, for the appellant.

*John S. Dawson,* attorney-general, and *Samuel E. Bartlett,* county attorney, for the appellee.

The opinion of the court was delivered by

WEST, J.: From a judgment enjoining him from keeping a place where intoxicating liquors were sold in violation of law and where persons were permitted to resort for the purpose of drinking intoxicating liquors the defendant appeals, claiming that the evidence was insufficient to support the judgment.

There is nothing in the record to indicate that the defendant kept a place where liquors were unlawfully sold, and the only question is whether the evidence was sufficient to find him guilty of keeping a place

where persons were permitted to resort for the purpose of drinking intoxicating liquors. The testimony shows that he kept a general merchandise store, in the rear part of which he lived. A drayman testified that he had delivered certain barrels to the defendant, some of which were labeled Rochester Brewing Company. Several witnesses testified each to having drank some beer on the premises, and the defendant said he kept beer for his own use only but would give a friend a drink.

The presumption arising from the defendant's possession of liquor at the store—not being a residence or private dwelling house not used in connection with a place of business—was that it was kept there for sale or use in violation of law. (Gen. Stat. 1909, § 4396; *The State v. Ross,* 86 Kan. 799, 121 Pac. 908.)

The action was civil, not criminal, and the court needed only a preponderance of the evidence to enjoin. (*The State v. Roach,* 83 Kan. 606, 112 Pac. 150, 84 Kan. 177, 113 Pac. 401.)

While the use made of the liquor by the defendant might from the evidence have been deemed lawful, still the trial court was convinced that it was not and such conclusion can not be said to have been unsupported.

The judgment is therefore affirmed.