CLAUNCH v. CLAUNCH. (No. 8120.)

(Court of Civil Appeals of Texas. Dallas.
May 11, 1918.)

1. APPEAL AND ERROR ⬀837(3)—REVIEW—ANSWER.

Answer filed after orders for receiver and injunction had been made in divorce suit can-not be considered on appeal from orders.

2. DIVORCE ⬀27(1)—GROUNDS—ILL TREAT-MENT.

When a separation is sought under Vernon's Sayles' Ann. Civ. St. 1914, art. 4631, subd. 1, the general rule is that, in the absence of physical violence or fear of it, the conduct com-plained of must be such as is reasonably calcu-lated to produce a degree of mental distress that will impair the health of the complaining spouse or render living together insupportable.

3. PLEADING ⬀8(3) — ILL TREATMENT — DI-VORCE.

There being no allegation showing the lan-guage used or how it was applied, the allegation that defendant husband would curse and abuse plaintiff unmercifully, or that he abused her severely, was a mere conclusion, and insufficient under Vernon's Sayles' Ann. Civ. St. 1914, art. 4631, subd. 1, providing that either spouse may be granted divorce when the other is guilty of excesses, cruel treatment, or outrages toward the other, if such ill treatment is of such a na-ture as to render their living together insup-portable.

4. DIVORCE ⬀27(15)—GROUNDS—DRUNKEN-NESS—CRUELTY.

Drunkenness alone is not a ground for di-vorce as cruelty.

5. RECEIVERS ⬀35(1) — NOTICE TO DEFEND-ANT.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2128, subds. 1 and 4, as to appointment of receiver, that defendant was threatening to withdraw certain money from the bank and sell certain personalty would not warrant the ap-pointment of a receiver, pending trial of di-vorce suit, without notice to defendant.

Appeal from District Court, Henderson County; John S. Prince, Judge.

Divorce suit by Bertha Claunch against W. L. Claunch. From orders appointing receiv-er and granting injunctive relief, defendant appeals. Reversed and remanded.

Miller & Miller, of Athens, for appellant. Justice, Coker & Justice, of Athens, for ap-pellee.

RASBURY, J. Appellee sued appellant in the court below for divorce and certain equitable relief pending trial. Omitting for-malities, the petition, in substance, alleges that parties were married November 27, 1900, and lived together until April 8, 1918. To them were born seven children, the eldest 15 years of age, and the youngest 4 years. Dur-ing marriage appellee demeaned herself with

propriety, managed their household affairs with prudence and economy, and at all times was kind and forbearing towards her husband. Soon after their marriage appellant, in disregard of his marriage vows, formed the drink habit, as a result of which he frequently squandered money, remained away from home at nights in a drunken condition, returning cross and irritable, often cursing and abusing appellee without provocation. Due to such conduct, appellee, after their marriage, left appellant and returned to the home of her father. Upon the promise of appellant that he would refrain from drinking and treat her with kindness she returned to him. Appellant observed his promise for a period of about four years, or until the year 1906, at which time he resumed drinking, and due thereto would frequently remain away in the city of Dallas two or three days at a time, without knowledge by appellee or her children of his whereabouts. During the latter part of the year 1917 appellant would frequently sell the farm products, and with the proceeds go to the said city of Dallas, remaining there three or four days, returning under the influence of drink, cross and ill, and would curse and abuse appellee unmercifully. About April 2, 1918, appellant, without advising appellee whither he was going, went to the city of Dallas, and remained there four days, returning home under the influence of drink, at which time he cursed and abused appellee severely. Appellant has taught their two older children the use of intoxicating drinks and has brought them home intoxicated. Appellee has pleaded with appellant to refrain from drink and abuse of her and to assist her in accumulating but he has refused so to do. Appellee owns in her separate right, by gift from her father, 67½ acres of land. Appellee and appellant own community property consisting of 42 acres of land, live stock, household furniture, vehicles, personalty, farm implements, and supplies of the value, excluding the realty, of $4,537.50 (against which there are incumbrances aggregating $750), and have as well on deposit in bank $165. The parties have 25 acres of land planted in corn, 10 acres in cotton, and 30 acres prepared for planting with cotton. Appellant has threatened to convert their personalty to his personal use by sale thereof, and for same purpose withdraw their money from the bank. Prayer was for custody of the children, for injunction, and receiver.

On the day it was filed the petition was presented to the Honorable John S. Prince in chambers, who, upon the sworn allegations thereof, without notice to appellant, appointed T. M. Pippin, appellee's father, receiver of the community estate of appellant and appellee, with authority to take possession thereof, and to finish planting the crops on the land thereof, etc.; and enjoined appellant from interfering with the receiver or the 67½ acres of land, separate estate of appellee, and enjoined the First National Bank of Mabank from paying to appellant any money in said bank to his credit. From the foregoing orders appellant has appealed and filed briefs. Appellee has filed no briefs.

[1] Incidentally, it appears that appellant, after the action of the court in the respect stated, filed answer to the petition, but, since the answer was not before the district judge when his order was made, it cannot be considered here. City of Paris v. Sturgeon, 50 Tex. Civ. App. 519, 110 S. W. 459; Jelinek v. State, 52 Tex. Civ. App. 402, 115 S. W. 908; Houston Electric Co. v. Glen Park Co., 155 S. W. 965.

The first contention presented by appellant is that the allegations of cruel treatment contained in the petition are insufficient to support a decree for divorce, and as a consequence present no cause of action. After a careful analysis of the allegations and a review of the cases we have reached the conclusion that the petition does fail to state a cause of action.

[2] The proceeding is brought under subdivision 1 of article 4631, Vernon's Sayles' Civil Statutes, providing that either spouse may be granted divorce when the other "is guilty of excesses, cruel treatment or outrages toward the other, if such ill treatment is of such a nature as to render their living together insupportable." There has been much discussion in the past concerning precisely what meaning should be given to the terms excesses, cruel treatment, and outrages, but the judicial meaning is at this time, in our opinion, reasonably clear. Omitting any discussion of the claim, urged in the past, that the terms in every case contemplate personal violence, it may be said that in this state the general rule is that, in the absence of physical violence or the fear of it, it must appear, when a separation is sought under the subdivision cited, that the conduct complained of is such as is reasonably calculated to produce that degree of mental distress as will impair the health of the complaining spouse, or is of such a character, considering the relation of the parties, their sex, refinement, respectability, and morality, as renders their living together insupportable.

In the early case of Sheffield v. Sheffield, 3 Tex. 79, it was held that the terms quoted included "a series of studied, vexatious and deliberate insults and provocations," unaccompanied by bodily harm or fear of it, which, if intolerable, would authorize divorce. In Jones v. Jones, 60 Tex. 451, it was held that words impeaching a wife's chastity, unaccompanied by personal violence, was within the meaning of the terms. In Eastman v. Eastman, 75 Tex. 473, 12 S. W. 1107, the cases cited are reviewed and approved, and it is said, "We believe that no decision of this court can be found in which a judgment for divorce on the ground of cruelty has been

permitted to stand, in the absence of some degree of * * * violence," save in the instances cited. But the court in substance declared that it did not follow from such holding that other acts, sufficient under the statute, might not arise. In fact in case cited the court holds that the defendant's conduct towards his wife, a woman tenderly reared and of fine sensibilities, which consisted of habitual drunkenness, a failure to support her, addressing her with oaths and in an unfeeling and insulting manner, neglecting to administer medicine prescribed by physicians, resulting in serious injury to her health, discharging her physician during a critical illness, requiring her while pregnant to milk cows in inclement weather, and refusing to secure her a physician, resulting in miscarriage, were the excesses, cruel treatment, and outrages contemplated by the statute, even in the absence of personal violence.

[3, 4] There are many other cases, but those cited are typical and suggest the meaning which ought to attach to the terms in the absence of personal violence or reasonable fear of it. What, then, is the application of the rule to the facts alleged in appellee's petition? Those facts, aside from drunkenness, which alone is not grounds for divorce, are generally that the appellant would frequently without appellee's knowledge, after selling the farm products, go to the city of Dallas and remain three or four days, returning intoxicated, cross, and ill, and would curse and abuse her unmercifully, and specifically that on April 2, 1918, without her knowledge, went to and remained in Dallas four days, and when he returned intoxicated abused her unmercifully. To say that one cursed and abused another unmercifully or abused him severely is but a conclusion. In divorce proceedings much depends upon the character and manner of the curse invoked or the abuse administered. The words used and how applied might or might not be sufficient. Blasphemy, resulting from irritability caused by illness produced by drink would, however, hardly justify such relief. No studied, vexatious or deliberate insults and provocations are alleged. No moral aspersions are shown. No conduct such as is detailed from the Eastman Case, supra, is claimed. The case, it occurs to us, comes directly within the ruling in Camp v. Camp, 18 Tex. 528, where the evidence is stated in full, and which presents a condition much more aggravated than is presented in the present proceeding, and where the court say that the defendant—

"was drunk during the period mentioned, about two-thirds of the time, and at times would use very abusive and insulting language to his wife. But this language is not stated. and neither the jury nor the court could judge of the extent or character of the insult. Whether the language was that, or mere rudeness, or charged her with a want of purity or infidelity to her conjugal relations, whether it was only grossness of behavior, or that which, aggravated by his brutal intoxication, would amount to the cruel treatment which under the statute, would be ground of divorce, we cannot judge, as we have only the opinion of the witness that it was abusive and insulting."

[5] The contention is also made that the appointment of a receiver without notice to appellant was unwarranted by the allegations of the petition. In this contention we also agree. The appointment of the receiver was warranted, if at all, under subdivision 1 of article 2128, Vernon's Sayles' Civil Statutes, which provides, among other things, for the appointment of a receiver in actions "between partners or others jointly owning or interested in any property or fund * * * where it is shown that the property or fund is in danger of being lost, removed or materially injured"; or under subdivision 4 of said article, which declares that receivers may be appointed "in all other cases where receivers have heretofore been appointd by the usages of the court of equity." The substance of the allegations of the petition on which the receiver was sought was that appellant was threatening to withdraw certain money from the bank, and to sell certain personalty, and convert all to his personal use. Such facts, in our opinion, will not warrant the appointment of a receiver without notice to the defendant in the proceeding in any event, particularly over the property which the defendant could not sell and convert to his use. We have reference to the community land and crops thereon of the parties. The injunction issued by the court would have afforded ample remedy as to the personalty. Haywood v. Scarborough, 41 Tex. Civ. App. 443, 92 S. W. 815; Security Land Co. v. South Texas Development Co., 142 S. W. 1190; Williams v. Watt, 171 S. W. 266. The cases cited furnish the reason of the rule in such cases, and for that reason we omit any discussion thereof.

There is in the petition for divorce the general allegation that appellant taught the two older children the use of intoxicating drink and "has brought them home to her in a state of intoxication." While we think the allegation too general to warrant the relief granted upon ex parte hearing on sworn petition, we are not prepared to say that, upon allegation and proof of the circumstances and facts surrounding the charge, they would not be sufficient to sustain an action for separation by divorce. For that reason the cause will be reversed and remanded, and the receiver dismissed, but the interlocutory injunction will remain in force pending the filing of amended petition by appellee and further hearing by the district court upon notice to appellant.