THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARTIN ZIMMERMAN, Plaintiff in Error.

*Opinion filed April 24, 1925—Rehearing denied June 9, 1925.*

1. PROHIBITION—*premises where liquor is manufactured may be declared a nuisance.* The General Assembly has the power to declare that any place kept and maintained for the illegal manufacture and sale of intoxicating liquors shall be deemed a common nuisance and be abated as such and at the same time may provide for the indictment and trial of the offender, as one proceeding is against the property used for unlawful purposes while the other seeks to punish the guilty party.

2. NUISANCES—*equity has full jurisdiction to abate nuisances.* Jurisdiction of equity to abate nuisances exists apart from any statute and is consistent with due process of law.

3. CONTEMPT—*court has the inherent power to punish for contempt—jurisdiction.* A court has inherent power to punish for contempt committed in violation of an injunction issued by it, and the court, having jurisdiction of the violator by citation personally served as well as by his appearance, may proceed with the hearing of the contempt charge without issuing a warrant for the defendant's arrest.

4. CONSTITUTIONAL LAW—*Prohibition act is not special or class legislation.* Section 2 of the Prohibition act applies to all persons in the State who maintain nuisances of the character therein defined, and it does not discriminate between persons in the same situation.

5. SAME—*when law does not make arbitrary classification.* A law which has a rational basis and which operates equally and uniformly upon all who are similarly situated is valid and does not constitute an arbitrary or undue classification.

6. Other questions in this case are controlled by the decision in *State* v. *Froelich,* 316 Ill. 77.

WRIT OF ERROR to the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

JAMES G. WELSH, (E. V. ORVIS, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ASHBEL V. SMITH, State's Attorney, VIRGIL L. BLANDING, and GEORGE C. DIXON, (SIDNEY H. BLOCK, of counsel,) for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

A bill for an injunction under the Prohibition act (Laws of 1921, p. 681,) was filed in the circuit court of Lake county on May 7, 1924, in the name of the People of the State of Illinois, by Ashbel V. Smith, State's attorney of that county, against Martin Zimmerman and Henry Herman. The bill alleges that a certain parcel of improved real estate situated in the village of Antioch, Lake county, particularly described, is used and maintained by Zimmerman as a place where intoxicating liquor, as defined by section 2 of the Prohibition act, is manufactured, sold, kept or bartered in violation of the provisions of the act; that the premises and all intoxicating liquor kept and maintained therein are a public nuisance as defined and declared by section 21 of the same act; that Zimmerman is the owner and proprietor of the business conducted on the premises; that Herman has the title of record thereto, and that unless re-

strained Zimmerman will continue to keep, maintain and use the premises as a place where intoxicating liquor is manufactured, sold, kept and bartered in violation of, and as a common and public nuisance as defined in, section 21 of the act. The prayer was for process directed to the sheriff commanding him summarily to abate the nuisance, for a temporary injunction *pendente lite,* and for a permanent injunction upon the final hearing. The bill was verified by the State's attorney and supported by the affidavit of C. A. Brune. Upon the filing of the bill a temporary injunction was granted, and the writ was served on defendants on the same day. Notice was immediately given the defendants by the State's attorney that he would on May 19, 1924, ask to have a preliminary hearing on the question whether the temporary injunction should be dissolved or continue in effect until the final hearing of the cause. The preliminary hearing was, upon motions made by the defendants, postponed until the first day of the succeeding October term, but the successive orders provided that the temporary injunction should remain in effect during such postponements. On September 3, 1924, a petition in the name of the People of the State of Illinois, by the State's attorney, was filed in the cause. This petition charged that since the issuance of the temporary injunction, and while the same was in effect, beer containing more than one-half of one per cent of alcohol by volume had been found in the premises on draught; that it was sold to customers; that Zimmerman was in charge of the premises and that he knew that the intoxicating liquor was being sold. The prayer of the petition was for a citation against Zimmerman commanding him to show cause why he should not be held in contempt of court for violating the injunction. Such a rule was entered and the citation was issued and served upon Zimmerman on September 4, 1924. He filed no answer to the petition. On the hearing upon the petition the testimony of witnesses was offered.

The court found that Zimmerman had violated the temporary injunction and adjudged him guilty of contempt and fixed his punishment at imprisonment in the county jail of Lake county for ninety days. He seeks a review by this writ of error.

The contentions of the plaintiff in error are: (1) That the proceedings under the Prohibition act in which he was adjudged guilty of contempt of court constitute a criminal prosecution; (2) that as a criminal prosecution the proceedings are governed by section 33 of article 6 of the constitution, and from their inception should have been carried on in the name and by the authority of the People of the State of Illinois and concluded against their peace and dignity; (3) that section 25 of the Prohibition act, which provides that the court may summarily try and punish the defendant for the violation of any injunction granted pursuant to the provisions of the act, violates the fifth and ninth sections of the second article of the State constitution and the fifth and sixth amendments to the Federal constitution, which guarantee the right of trial by jury; (4) that the General Assembly has no power to regulate the procedure or to prescribe the punishment for the violation of an injunction granted pursuant to the provisions of the Prohibition act; (5) that the act is special legislation violative of the constitutional rights of the plaintiff in error; (6) that the original bill of complaint and the petition to adjudge him guilty of contempt failed to charge an offense; (7) that the court had no jurisdiction of his person because no warrant was issued for his arrest; and (8) that the order adjudging him in contempt of court is void because it fails to fix the beginning and termination of his imprisonment.

The first, second, third and eighth contentions were determined adversely to plaintiff in error in *State* v. *Froelich,* 316 Ill. 77. It is therefore unnecessary to consider them here.

The General Assembly has the power to declare that any place kept and maintained for the illegal manufacture and sale of intoxicating liquors shall be deemed a common nuisance and be abated as such and at the same time to provide for the indictment and trial of the offender. One is a proceeding against the property used for unlawful purposes, while the other seeks to punish the guilty party. Equity jurisdiction to abate such nuisances is consistent with due process of law. (*Mugler* v. *Kansas,* 123 U. S. 623; *Stead* v. *Fortner,* 255 Ill. 468.) In certain States this jurisdiction is expressly conferred on courts of equity, but a statute is not necessary to enable them to exercise a jurisdiction which is of ancient origin and exists apart from any statute. Enactments of that character are no more than legislative declarations of an existing jurisdiction. (*Stead* v. *Fortner, supra.*) This court has imposed or sustained punishment for contempt without inquiring whether the authority was exercised pursuant to a legislative act or by virtue of the court's inherent power. (*People* v. *Wilson,* 64 Ill. 195; *People* v. *Panchire,* 311 id. 622.) Although section 25 of the Prohibition act (Smith's Stat. 1923, p. 839,) prescribes the limitations within which punishment for the violation of any injunction granted pursuant to the act shall be imposed, yet the effect of these limitations upon the court's inherent power to protect itself will not be considered unless the record shows that the court, in fixing the punishment, was governed by them. Nothing in this record shows that the court in its determination was restrained by these limitations. The punishment imposed upon plaintiff in error was neither unusual nor severe. It was justified under any view of the law. Consideration of his fourth contention is therefore unnecessary.

Plaintiff in error next insists that the Prohibition act is special or class legislation violative of his constitutional rights. The act applies to all persons in this State who maintain nuisances of the character defined. It does not

discriminate between persons in the same situation. A law which has a rational basis and which operates equally and uniformly upon all who are similarly situated is valid and does not constitute an arbitrary or undue classification. *Christy* v. *Elliott,* 216 Ill. 31 ; *Claffy* v. *Chicago Dock Co.* 249 id. 210; *People* v. *Schenck,* 257 id. 384.

In the bill of complaint the property upon which the nuisance existed was particularly described, the public and common character of the nuisance was specifically stated and its maintenance by the plaintiff in error was positively charged. Likewise the issuance of the preliminary injunction and service of the writ upon the plaintiff in error and his acts in violation of the injunction were directly stated in the petition by which the contempt proceedings were instituted. Both were sufficient, and the sixth contention of the plaintiff in error is without merit.

Personal service of the temporary injunction writ was had upon the plaintiff in error. Upon his motions the hearing on the question whether the preliminary injunction should remain in effect or be dissolved was postponed from May 31, 1924, to the first day of the ensuing October term. The citation issued upon the petition to adjudge the plaintiff in error in contempt of court was also served upon him personally. The hearing on that petition was postponed upon his motion. Finally, at the hearing the plaintiff in error appeared in person, produced a witness and also testified in his own behalf. Obviously the court had jurisdiction of his person, and there was no occasion for the issuance of a warrant for his arrest.

The order of the circuit court will be affirmed.

*Order affirmed.*