STATE OF IOWA ex rel. J. D. THRELKELD, County Attorney, Appellee, v. FRANK OSBORNE, Appellant.

FEBRUARY 5, 1929.

*J. A. Penick* and *W. W. Bulman,* for appellant.

*J. D. Threlkeld,* County Attorney, for appellee.

FAVILLE, J.—The record shows that, prior to the trial of the case at bar, the appellant was indicted by the grand jury of

Lucas County, Iowa, charged with the crime of maintaining a  liquor nuisance. Said cause proceeded to trial, and resulted in a verdict of not guilty. It is contended by the appellant that this action, wherein an injunction is sought against appellant for the maintenance of a liquor nuisance, refers to the same property and to the same transactions that were involved in the criminal case. He therefore contends that the decision in the criminal case is an adjudication on the question of his having maintained a liquor nuisance, and that the same is a complete defense to the prosecution of the instant case for a liquor injunction. A somewhat similar contention was made in *Touch v. Bonner*, 201 Iowa 466, wherein we said:

"If we understand plaintiff correctly, his further contentions are that a prosecution for a crime 'will bar a subsequent prosecution for contempt when the two proceedings are based upon the same act; that, if a court would punish for contempt, it must do so before criminal proceedings for the same act are instituted, or it will be barred from such action.' Plaintiff seems to argue that, although contempt proceedings are not of a criminal nature, yet the penalty for contempt is within the scope of Section 17 of Article 1 of the Constitution, and that the plaintiff is entitled to a jury trial and to be advised of his right to counsel, and that the penalty inflicted in this case is such as to deprive him of his liberty or property without indictment and trial by jury. These questions have been so fully discussed in previous opinions that further consideration of them would be superfluous. *Gibson v. Hutchinson*, 148 Iowa 139; *Brown & Bennett v. Powers*, 146 Iowa 729; *State v. Hume*, 193 Iowa 1395. See, also, *Teasdale v. Anderson*, 196 Iowa 673; *McGlasson v. Johnson*, 86 Iowa 477; *Barber v. Brennan*, 140 Iowa 678."

See, also, *State v. Boever*, 203 Iowa 86.

A proceeding to enjoin the keeping of a liquor nuisance is civil in its character, and the fact that the keeping of such a nuisance may also be punished as a crime does not affect the character of the proceedings for an injunction. *State v. Cipra*, 92 Kan. 951 (141 Pac. 1133); *State v. Rabinowitz*, 85 Kan. 841 (118 Pac. 1040, 39 L. R. A. [N. S.] 187); *State v. Collins*, 68 N. H. 299 (44 Atl. 495); *State v. Collins*, 74 Vt. 43 (52 Atl. 69);

638

*Jelinek v. State,* 52 Tex. Civ. App. 402 (115 S. W. 908) ; *State v. Froelich,* 316 Ill. 77 (146 N. E. 733) ; *United States v. Stevens,* 103 Conn. 7 (130 Atl. 249) ; *State v. Zimmerman,* 317 Ill. 197 (148 N. E. 5) ; *State v. Powell,* 120 Kan. 731 (244 Pac. 1053).

An entirely different rule prevails in the trial of a criminal action than in a suit in equity for an injunction. The one requires proof beyond a reasonable doubt; the other, by a preponderance of the evidence. In the case of an action for an injunction, under the statute, evidence of the general reputation of the place is admissible. Section 2022, Code of 1927. Such is not the case in a criminal prosecution for maintaining a nuisance. The action in equity to enjoin a liquor nuisance may be brought by the county attorney, ''or any citizen of the proper county may institute and maintain such a proceeding in his name.'' Section 2017. An indictment for the maintenance of a liquor nuisance can only be instituted in the method provided for the prosecution of criminal actions. It is obvious that the determination of one of such proceedings is not a bar to the prosecution of the other.

It is especially urged by the appellant that the statute providing for the imposition of a mulct tax in the event that an injunction is issued restraining the maintenance of a liquor nuisance is penal in its nature, and therefore makes the statute, in effect, a criminal statute. Sections 2051 and 2052 of the Code of 1927 provide for the imposition of a mulct tax in the sum of $600 against the property used as a liquor nuisance, and provide that the same ''shall be imposed in the same manner and with the same consequences as governs the imposition of a tax in injunction proceedings against places used for the purpose of lewdness, assignation, or prostitution.'' The statute expressly designates this as a tax, and it is required that it shall be imposed upon the building and upon the ground upon which the same is located, where the nuisance is maintained. It is not imposed as a fine or as a penalty, but it is a so-called mulct tax, which the statute provides shall be levied against the property wherein an unlawful business has been maintained. The statute expressly places the liquor nuisance, under this provision, in the same category as other nuisances where unlawful traffic is carried on. The

cause is triable before us *de novo*. We find no ground for reversal, and the decree of the district court is affirmed.—*Affirmed.*

ALBERT, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.