UNITED STATES OF AMERICA *vs.* CHARLES M. STEVENS.

First Judicial District, Hartford, March Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

By the terms of §21 of Title II of the National Prohibition Act, any place where "intoxicating liquor is manufactured, sold, kept or bartered in violation of this Title" is declared to be a

United States *v.* Stevens.

common nuisance; and § 22 provides in part that certain Federal officials or "any prosecuting attorney of any State or any subdivision thereof" may bring an action to enjoin such a nuisance in "any court having jurisdiction to hear and determine equity cases." *Held:*

1. That the State courts have concurrent jurisdiction with the Federal courts in abating nuisances as defined in this statute.

2. That an action brought under this statute is a civil proceeding and does not involve the element of criminal punishment.

3. That the existence of a common nuisance within the meaning of the statute—ordinarily a question of fact upon all the evidence —does not necessarily involve habitual, continual or recurrent violations of the law, but may be established by proof of a single illegal act which, unless the circumstances show the contrary, should be held by the trier to constitute a nuisance.

4. That the finding in the present case that the defendant on a certain day had committed a specific violation of the law by keeping and offering for sale intoxicating liquors, together with the further findings that he possessed various kinds of liquors kept for sale and that, for a considerable time, his premises were reputed to be a place where such liquors were kept and sold, required as a matter of law, in the absence of a satisfactory explanation, the conclusion that his store and restaurant were a common nuisance.

5. That the fact that the defendant had previously been convicted before a justice of the peace of committing the specific violation found by the trial court, was strong evidence of a nuisance; but the conviction itself did not create the nuisance, which existed as soon as the offense was committed and was immediately abatable by action under the statute.

6. That when a nuisance is found to exist in a proper judicial proceeding, it then becomes the duty of the trial court—made mandatory by the statute and not subject to the exercise of discretion—to issue an injunction restraining the manufacture, sale, barter or storage of liquor upon the premises; and that, in addition to the injunction, which is the main part of the judgment, the trial court may, in the exercise of a reasonable discretion, issue a further order in the nature of supplementary relief that the premises shall not be occupied or used for one year thereafter, or that their occupation and use shall be permitted only on condition that the defendant furnish a bond in the form prescribed by the statute.

7. That the trial court should not find that it believes that the defendant will not violate the law in the future, except upon the most careful inquiry, and in no case, unless the defendant appears as a witness and satisfies the court as to the entire sin-

cerity of his testimony as to past conduct and as to his pledge of future good conduct.

8. That the inconvenience and hardship to the community which would result in the present case from the closing of the defendant's store and restaurant, were not proper elements to be considered by the trial court in exercising this discretionary power.

9. That it is the duty of our prosecuting officials to invoke in appropriate cases the speedy, effective and permanent remedy afforded by the statute.

Argued March 4th—decided July 30th, 1925.

APPLICATION under the National Prohibition Act for an injunction restraining the sale of intoxicating liquors upon the defendant's premises and for other relief, brought to the Superior Court in Hartford County and tried to the court, *Ells, J.;* judgment rendered for the defendant, and appeal by the plaintiff. *Error.*

On April 5th, 1924, and for a considerable time prior thereto, the defendant, Stevens, was the owner of certain premises in the town of Canton upon which he maintained a store, restaurant and residence reputed for all of such period to be a place where intoxicating liquors were kept for sale and exchange. On this date he kept with intent to sell and possessed upon these premises intoxicating liquors containing more than one half of one per centum of alcohol by volume fit for use for beverage purposes. On April 9th, 1924, he was informed against before a justice of the peace that he "did keep with intent to sell and exchange certain spirituous and intoxicating liquors, fit for use for beverage purposes, and did keep, own and maintain a place, store and establishment reputed to be a place . . . where . . . intoxicating liquors were and are kept for sale or exchange." To this information the accused, who was then represented by counsel, pleaded guilty and was adjudged by the court

to pay a fine of $400, and be imprisoned fifteen days, and pay the costs of prosecution. On April 14th, 1924, Stevens paid the fine and costs, but he has not served the jail sentence, its execution having been suspended by the court. There have been no complaints against the defendant or his place of business and its reputation has been good since his conviction. The defendant's store and restaurant since this time have been well and lawfully conducted. This is the only restaurant in the community, and both store and restaurant are a very great accommodation to the people of the community. The store is used without charge as a transfer station and rest-room by the numerous users of the Hartford to Winsted and Collinsville jitneys. The defendant's place of business was not at the time of the hearing a common nuisance. Neither the defendant, nor any of his agents nor any of his employees, if any he has, appeared as a witness.

Plaintiff made the following claims of law upon the trial:

"1. The defendant having pleaded guilty to keeping with intent to sell and exchange in violation of law certain spirituous and intoxicating liquor fit for use for beverage purposes and to owning, keeping and maintaining a place having the reputation of being a place where spirituous and intoxicating liquors were kept for sale and exchange in violation of law, it followed that the defendant kept and maintained a common nuisance as defined by Section 21, Title II, of the National Prohibition Act, entitling the plaintiff to an order that no liquors shall be manufactured, sold, bartered or stored on said premises or any part thereof, or an order directing that said premises shall not be occupied or used for one year after the issuance thereof.

"2. It was wholly unnecessary and immaterial for the court to inquire whether the premises involved

were being unlawfully used at the time of the hearing and it was immaterial whether the defendant had violated the law after the commencement of this action or whether there had been any complaints as to the bad reputation of the place after that time.

"3. It was not necessary for the plaintiff to offer evidence to show that there was any fear of a continued law-breaking on the part of this defendant or that the defendant was persistent in his wrongdoing.

"4. The court upon the facts found should grant an order restraining and abating the nuisance upon said premises.

"5. The court upon the facts found should grant an order that the defendant's premises should not be used for one year.

"6. The court upon the facts found should not order judgment for the defendant or the dissolution of the temporary injunction and restraining order, but should render judgment for the plaintiff.

"7. The court upon the facts found should grant an order that no liquor shall be manufactured, sold, bartered or stored upon said premises or any part thereof.

"8. Upon finding the premises to be a common nuisance within the definition of the National Prohibition Act the plaintiff was entitled to judgment under the terms of said Act."

The trial court reached the following conclusions:

"1. That upon the defendant's conviction on April 5th, 1924, the said premises became thereby under the definition contained in Section 21, Title II, of the National Prohibition Act, a common nuisance.

"2. That this court has the power to grant in this particular case the relief prayed for.

"3. That it does not follow as a matter of law that

this court must grant the said relief upon the mere proof of a conviction.

"4. That although it is not necessary for the court to find that the property involved was being unlawfully used at the time of the hearing, the court nevertheless in its reasonable discretion can hear evidence as to the situation existing since the date of the conviction and punishment and can act on such evidence.

"5. That this court has a reasonable discretion in the matter and that if it is convinced upon all the evidence that the conviction and punishment stopped the unlawful acts and that the defendant since his conviction and punishment has not violated the law and that there is good reason to believe he will not violate it in the future and that this store and restaurant, since the date of said conviction, have been well and orderly and lawfully conducted and that the closing of such business for a year will be a great inconvenience and hardship to the great majority of the people of this small community, it may exercise that reasonable discretion and refuse to padlock the premises.

"6. That although it would do no harm to enjoin further possible violation of the law, such injunction would be in this case an unnecessary act and that equity might well refuse to grant this form of relief asked for.

"7. That upon all the evidence and after observing the appearance of the witnesses on the stand and their bias or lack of it, the court, in an exercise of its reasonable discretion, should refuse the relief prayed for."

Thereupon the court found the issues upon the complaint for, and rendered judgment for, the defendant.

*Hugh M. Alcorn,* State's Attorney, with whom, on the brief, was *Reinhart L. Gideon,* Assistant State's Attorney, for the appellant (the United States of America).

*Edward J. Myers,* for the appellee (defendant).

WHEELER, C. J.   Suit is prosecuted in the name and on behalf of the United States, by Hugh M. Alcorn, State's Attorney for Hartford County, pursuant to authority thereto granted by § 22 of Title II of the National Prohibition Act (41 U. S. Stat. at Large, p. 314), and for the purpose of enjoining and abating a certain alleged public and common nuisance as defined in §21, Title II, of this Act, alleged to be now existing on defendant's premises.   Defendant moved to quash the information upon the grounds that the Superior Court was without jurisdiction to hear and determine this action; that Congress could not vest any portion of the judicial power of the United States in the Superior Court, nor delegate to it any part of the criminal jurisdiction of the United States, and that the State of Connecticut has not passed the legislation necessary to permit an application for an injunction to be made by the United States.   The motion was overruled by the Superior Court and no appeal taken from its decision.   Defendant thereupon answered denying the allegations of the complaint, and by special defense alleged that he had been convicted for the offense alleged in the complaint and paid the fine therein imposed and since his conviction has neither sold nor kept for sale any other intoxicating liquors, and that the remedy by way of the injunction prayed for would be an additional punishment for which no trial by jury is permitted, in violation of the Constitution and laws of the United States and of the State of Connecti-

cut. It is obvious that defendant's general denial was improperly filed; the body of the complaint manifestly contained facts known to him to be true and should have been admitted. The issue raised by the special defense was in part admitted and in part denied. There was no real issue of fact involved. Issue should have been joined by demurrer raising the clear question of law as to whether the equitable remedy by way of injunction was an additional punishment in violation of Federal and State constitutions. The issue of the special defense was overruled by the trial court and forms no part of the appeal. The ruling of the trial court was right. This proceeding is a civil one and does not involve the element of punishment.

The appeal to this court is based upon the overruling of plaintiff's claims of law and upon the conclusions reached by the trial court, both of which we quote in the statement. The trial court held that, upon the facts, defendant's premises, upon his conviction, became a common nuisance within the definition of the National Prohibition Act, and that the Superior Court had the power to grant, upon the facts found, the relief prayed for, but whether it should do so rested within its discretion and gave it the right to find the issues for the defendant and render its judgment for him.

Section 22 of Title II of the National Prohibition Act provides: "An action to enjoin any nuisance defined in this title may be brought in the name of the United States by the Attorney General of the United States or by any United States Attorney or any prosecuting attorney of any State or any subdivision thereof or by the commissioner or his deputies or assistants. Such action shall be brought and tried as an action in equity and may be brought in any court having jurisdiction to hear and determine equity cases."

Under this Act prosecuting attorneys of any State may institute, in any proper court having equity jurisdiction, an action to enjoin any nuisance as defined by § 21 of this Title, which reads as follows: "Sec. 21. Any room, house, building, boat, vehicle, structure, or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this title, and all intoxicating liquor and property kept and used in maintaining the same, is hereby declared to be a common nuisance."

The plaintiff correctly interprets these provisions of the Act when it says: "It was the evident intention of Congress, from the language used in the above statute, to make available the judicial machinery of the States for the institution of actions in equity for the abatement of nuisances." State courts have concurrent jurisdiction with the Federal courts in abating nuisances as defined by § 21 of this Title. *Claflin* v. *Houseman,* 93 U. S. 130; *Mugler* v. *Kansas,* 123 U. S. 623, 8 Sup. Ct. 273.

The complaint alleged that the defendant, on or about April 5th, 1924, kept and offered for sale, in violation of the National Prohibition Act, certain intoxicating liquors, and that defendant's premises had the reputation of being a place where intoxicating liquors were kept for sale and exchange. This was an allegation of the maintenance of a nuisance within the definition of the National Prohibition Act and subjected the defendant to the injunctive remedy provided by the Act for its abatement. The allegations of the complaint are found proven by the court, practically as alleged. The allegations of the complaint are extended by finding that the reputation of these premises covered a considerable period of time, and there is no finding of its allegation that defendant will in the future continue to maintain this nuisance upon these premises.

The finding of the violation of the National Prohibition Act on April 5th, 1924, by keeping with intent to sell intoxicating liquor, constituted a nuisance within the definition of § 21 of the Act. Defendant's conviction of this violation rendered the evidence of it more certain, but the conviction did not create the nuisance, nor give the right to abate it by the remedy provided by the Act. The nuisance existed as soon as the violation of the Act occurred, and upon proof of it, in a proper judicial proceeding, § 22 provides that the court shall abate the nuisance by ordering that no liquors shall be manufactured, sold, bartered, or stored in said premises. There is a contrariety of decision in the courts as to whether proceedings to abate a nuisance can be sustained upon proof of a single sale or act in violation of the statute. Cases in which it was held that an injunction to abate a nuisance were sustained upon proof of a single sale, under § 22, are *Fassolla* v. *United States,* 285 Fed. 378; *United States* v. *Reisenweber,* 288 Fed. 520, 525; *Wiggins* v. *United States,* 272 Fed. 41, 45; and *Lewinsohn* v. *United States,* 278 Fed. 421, 425. The same rule was upheld in a criminal prosecution for maintaining a common nuisance: *Young* v. *United States,* 272 Fed. 967, and *United States* v. *Eilert Brewing & Beverage Co.,* 278 Fed. 659. The contrary ruling was made in *United States* v. *Cohen,* 268 Fed. 420, 423; *United States* v. *Butler,* 278 Fed. 677, and *United States* v. *Schwartz,* 1 F. (2d) 718, 722, in which it was held that it must appear that liquor was kept or bartered habitually, continually, or recurrently in order to warrant the abatement of the nuisance.

In an action to abate the nuisance in a building used for prostitution or assignation, the court held: "The jurisdiction of a court of equity over the abatement

United States *v.* Stevens.

and suppression of a nuisance whether public or private is settled, and may be exercised although the nuisance is made by statute an indictable offense. . . . We assume that a single act of illicit intercourse may of itself be insufficient to establish responsibility, but whether a nuisance as defined by the statute exists is a question of fact on all the evidence, including the 'general reputation of the place' which is made admissible by §6." *Chase* v. *Proprietors of Revere House,* 232 Mass. 88, 94, 95, 122 N. E. 162. "Whether a situation, a thing, or an act, constitutes a nuisance, is ordinarily a question of fact." *Pope* v. *New Haven,* 91 Conn. 79, 88, 99 Atl. 51; *Ratti* v. *Berry & Sons, Inc.,* 98 Conn. 522, 525, 119 Atl. 894. The action which § 22 authorizes is the enjoining of any nuisance, as defined by the National Prohibition Act, and by this definition any room, house, etc., where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this Act, is declared to be a common nuisance. When the material allegations of the petition, including the act of violation, are found true, the court shall order the same abated. A single sale may establish a nuisance and, unless the circumstances show the contrary, should be held to be a nuisance. We think the section incapable of other construction. The facts alleged and found in this case do not leave the finding of a nuisance to a single sale. The court has found that defendant had in his possession various kinds of intoxicating liquor and that this liquor was kept for sale, and that defendant's premises had had for a considerable period of time a reputation as a place where intoxicating liquors were kept for sale or exchange. The act of violation, coupled with this possession and reputation, made it difficult to explain except upon the theory of the existence of a nuisance, and unless explained satisfactorily made the finding of a nuisance

so clear that it must be held to be such as matter of law. *Jenne* v. *Sutton*, 43 N. J. L. 257.

The trial court held that "the mere fact that he violated the law brings him within the technical definition of a nuisance as laid down in the National Prohibition Act." The violation was not a technical one, nor does the Act attempt to abate a mere technical nuisance. The Superior Court, as a court of equity, unquestionably has the power to hear and determine this petition and the power to grant in this case the relief prayed for. The trial court while holding that the premises, upon defendant's conviction, became a common nuisance, and that it had the power to grant the relief prayed for, at the same time held that it was not required to grant the relief prayed for as matter of law, but might, within its reasonable discretion, refuse to close the premises upon its finding that the defendant since his conviction had not violated the law but had conducted his business lawfully and that there is good reason to believe he will not violate it in the future, and that the closing of the premises will be a great inconvenience and hardship to the great majority of the people of the small community of Canton. The sole ground of appeal concerns the court's interpretation of its discretionary power under § 22, and of its exercise of discretion in the judgment rendered. The trial court has failed to note the limitations which § 22 placed upon the exercise of its discretion. Congress had the right to declare a violation of this Act to be a nuisance and it had the right to provide that, upon finding the violation proven, the court shall order that no intoxicating liquor shall be manufactured, sold, bartered, or stored in such room, house, etc. When the trial court found the fact of the violation it was required to issue the order of abatement provided for by this section. In this respect this

provision of the section is mandatory. Over the issuance of that order the court had no discretion. The finding of the fact of violation was for it to make; having found it, the issuance of the order of abatement must follow as of course by the terms of the Act. The finding of the trial court that the facts of the complaint were wholly established, its overruling of the special defense, and then finding the issues for the defendant and rendering judgment for him, was a result as illogical as it was legally unsound. The court's error arose, we are persuaded, through misapprehension, in not seeing that the judgment ordering the nuisance abated was the main part of the judgment and not within its discretion, while an order, following the judgment, that the room or house shall not be occupied or used for one year thereafter but that the court may, in its discretion, permit it to be occupied or used if defendant shall give a bond as prescribed by § 22 and approved by the court, was within its reasonable discretion. The court has a discretion as to whether it will order the place closed and whether, in lieu thereof, it will order a bond. The exercise of its discretion must be a reasonable one. The court ought not to consider, in the exercise of its discretion, the inconvenience and hardship to the community from the closing of this place. The fact that the defendant has not violated the law since his conviction, or since his prior violation, and that the court believes he will not violate the law in the future, are findings which should be made upon most careful inquiry, and in no case unless the defendant appears as a witness, whenever he is able so to do, and satisfies the court as to the entire sincerity of his testimony as to past conduct and as to his pledge for his future good conduct. If the court, upon the hearing, entertains any reasonable doubt as to the past good conduct of the defendant or as to his pledge of future good

conduct, it ought to order that the place shall not be occupied or used for some period not to exceed one year thereafter, or that defendant give a bond approved by it and in accordance with the conditions and terms of § 22. This construction of § 22 is that which the plaintiff makes in this case. The ground of this jurisdiction in cases of public nuisances "is the ability of courts of equity to give a more speedy, effectual, and permanent remedy, than can be had at law." *Mugler* v. *Kansas,* 123 U. S. 623, 673, 8 Sup. Ct. 273. It was the purpose of Congress by the equitable remedy provided for abating nuisances "to supply a more prompt, effective, and efficient means of abating nuisances than the institution of criminal actions." *Lewinsohn* v. *United States,* 278 Fed. 421, 423. The fact that our State has failed to provide by statute the equitable remedy for the abatement of violations of the National Prohibition Act, does not lessen the duty of our prosecutors and courts in enforcing in appropriate cases this remedy. The Congress of the United States has conferred upon our prosecuting officials the power of bringing, and upon our courts of equity the power of hearing and determining, actions to abate nuisances. It is their duty to carry out the intention of Congress and make this remedy an effective and efficient means of abating nuisances created by violations of the National Prohibition Act. The facts found would in any event require, in the exercise of a judicial discretion, that the court order a bond as provided by § 22, and we incline to the view that this course will serve the interests of justice in this case. Whether the court shall order that the premises shall not be occupied for the period not to exceed one year will depend upon the rehearing of the cause. To avoid the necessity of the new trial

we make the rescript for a new trial conditional upon defendant's giving such bond.

There is error, the judgment is set aside and the Superior Court directed to enter its judgment in favor of the plaintiff abating the nuisance in accordance with this opinion and ordering a new trial as to whether the court shall order that the defendant's premises shall not be occupied for a period not to exceed one year, or in lieu thereof, that defendant furnish a bond in accordance with § 22, unless defendant shall forthwith furnish said bond, in which case the ordering of a new trial shall be vacated.

In this opinion the other judges concurred.