WATER RESOURCES COMMISSION *v.* CONNECTICUT SAND AND STONE CORPORATION
(three cases)

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued October 14—decision released December 23, 1975

*Robert L. Hirtle, Jr.,* for the appellant (defendant) in each case.

*Richard F. Webb,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (plaintiff) in each case.

HOUSE, C. J. These three companion cases are appeals from judgments of the Superior Court in Hartford County granting the plaintiff's three applications for permanent injunctions restraining the defendant from maintaining three sources of pollution to the waters of the state and for orders compelling compliance with the plaintiff's administrative orders. The factual settings of the three cases are similar. Two concern seasonal sand-washing operations conducted by the defendant, one in the town of Farmington and the other in the town of Burlington. The third concerns the excavation of sand and gravel by dredge from the Farmington River in Farmington. In each case, the water resources commission, an agency of the state charged with enforcing the statutes regulating, controlling and eliminating pollution of the waters of the state, pursuant to the provisions of § 25-54h of the 1967 Supplement to the General Statutes, in effect at the time in question, found that the defend-

ant was causing pollution of the waters of the state.[1] Under the authority of the provisions of § 25-54h, the commission issued orders to the defendant to abate the pollution it was causing. The orders in the three cases were respectively dated: September 21, 1970; August 17, 1970; and May 18, 1970. With respect to each order, the defendant could have requested a hearing before the commission within thirty days of receipt of the order. General Statutes § 25-54o (Sup. 1967). The defendant made no such request. Section 25-54o made a request for a hearing before the commission an express condition precedent to the taking of an appeal to the Superior Court pursuant to the provision of § 25-54p. The water pollution control statutory scheme as then in effect included a provision for the issuance of an injunction if a violator failed to comply with an order of the commission and no request for a hearing or appeal therefrom was pending and the time for making such request or taking such appeal had expired. General Statutes § 25-54n (Sup. 1967).

In each case, by writ, summons and complaint, the plaintiff, pursuant to the provisions of § 25-54n, applied for a permanent injunction restraining the defendant from maintaining the subject pollution and also for an order of the court compelling the defendant to comply with the abatement order of the commission. In each case, the defendant filed an answer which denied that it had failed to comply with the commission's order and further pleaded by way of a special defense that it was not polluting the waters of the state. At the trial, the defendant

[1] The water resources commission has now been made a component part of the department of environmental protection. See General Statutes (Rev. to 1975), c. 474a.

sought to introduce evidence in support of its special defenses but the trial court ruled that in view of the issues as framed by the pleadings the defendant was not entitled to present such evidence to the court because the issue of pollution had been decided by the commission and the court had no authority to take the evidence. It concluded that the commission, having followed the provisions of the statute, was entitled to an injunction in each case.

The defendant's assignments of error, raising identical issues in each case, stem from the court's refusal to hear evidence in support of the special defenses, it being the defendant's claim that it had the right to present evidence as to the facts which existed at the time of the commencement of the action and at the time of trial. The defendant also asserts that certain facts found by the court were found without evidence and that the facts as found do not support the court's conclusions. We find no merit to the latter claims. In each case the conclusions reached by the court are supported by the facts set forth in its finding and those facts are supported by the evidence contained in the appendices to the plaintiff's briefs.

The first question which we consider is whether the court erred in refusing to hear evidence relating to the defendant's special defenses that it was not polluting the waters of the state. The defendant argues that since the remedy sought was prospective, the right to that relief should be determined by the situation which had developed at the time of trial and not by that existing at the time the action was begun, citing *Edward Balf Co.* v. *East Granby,* 152 Conn. 319, 323, 207 A.2d 58; *Holt* v.

*Wissinger*, 145 Conn. 106, 115, 139 A.2d 353; and *Newington* v. *Mazzoccoli*, 133 Conn. 146, 150, 48 A.2d 729. But "[a]rguments taken whole cloth from prior equity practice in a private controversy may not suit the statutory remedy that Congress [here the General Assembly] has made available to effectuate a public policy. See *Hecht Co.* v. *Bowles*, 321 U.S. 321, 64 S. Ct. 587, 88 L. Ed. 754 [further citations omitted]." *Wirtz* v. *Harper Buffing Machine Co.*, 280 F. Sup. 376, 379–80 (D. Conn.). The cases relied upon by the defendant are distinguishable from those before us for none of them involved a statutory scheme which provides for an injunction following administrative decision-making subject to judicial review to further an important interest of the state.

It is true that in the usual case where injunctive relief is sought, a court will grant such relief only in light of the situation as the court finds it to exist at the time of trial. *Jones* v. *Foote*, 165 Conn. 516, 521, 338 A.2d 467. It is also true, however, that in the usual case it is the court which determines the existence of facts which justify the extraordinary remedy of injunctive relief. That is not the situation in the present cases.

Under the provisions of the Water Pollution Control Act (General Statutes §§ 25-54a—25-54h [Sup. 1967]), the General Assembly vested in an administrative agency primary authority and power to investigate instances of pollution, to determine whether there were violations of the act and, if it determined that there were, to order abatement of the pollution which order "shall include a time schedule for the accomplishment of the necessary steps leading to the abatement of the pollution." § 25-54h. It was pursuant to that prescribed proce-

dure that the commission issued its specific orders to abate the pollution which it found the defendant was causing. To accord with principles of due process, the statutes also expressly provided for an appropriate hearing and review by the commission of any abatement order upon the request of any aggrieved party made within thirty days from the date the order was sent; § 25-54*o*; and an appeal to the Superior Court from the final determination of the commission based on such hearing. § 25-54p. It was also provided that such appeals should "be based solely upon the record of the hearing required in section 25-54*o*" and that the court should "determine whether the commission acted arbitrarily, unreasonably or contrary to law." § 25-54p. As we have noted, a request for a hearing before the commission was a statutory condition precedent to the taking of an appeal from the commission's order. The defendant failed to avail itself of such a hearing where it could have presented evidence and preserved a record for consideration of the court on appeal. At the hearing on the application for an injunction, the plaintiff offered evidence to prove that the defendant had not complied with its orders either at the time of commencement of the suit or up to the very time of the hearing.

To allow the defendant to present at the hearing on the application for an injunction evidence in support of its special defenses would be contrary to the obvious intent of the General Assembly as expressed in the statute providing for judicial review after administrative fact finding and would render the administrative process meaningless. The "court and agency are not to be regarded as wholly independent and unrelated instrumentalities . . . [but] are the means adopted to attain the prescribed

end, and so far as their duties are defined by the words of the statute, those words should be construed so as to attain that end through coordinated action." *United States* v. *Morgan,* 307 U.S. 183, 191, 59 S. Ct. 795, 83 L. Ed. 1211. The defendant at the hearing was in effect seeking a judicial decision as to the reasonableness of the commission's order. Proper procedure required the defendant, if it desired to raise the question of reasonableness, to avail itself of the opportunity for an appeal which the statutes provided. "Having failed to do so, it cannot now be heard to complain about the reasonableness of the order. See *Chicago* v. *O'Connell,* 278 Ill. 591, 608, 116 N.E. 210; 42 Am. Jur. 671, 580, 573." *State Water Commission* v. *Norwich,* 141 Conn. 442, 447, 107 A.2d 270; cf. *Vaill* v. *Sewer Commission,* 168 Conn. 514, 518–19, 362 A.2d 885.

The second issue presented is whether the trial court erred in concluding that an injunction is mandated under § 25-54n of the General Statutes. "It is a familiar doctrine that the extent to which a court of equity may grant or withhold its aid, and the manner of moulding its remedies, may be affected by the public interest involved. [Citations omitted.]" *United States* v. *Morgan,* supra, 194. "In the exceptional case, the issuance of an injunction may be mandatory. *United States* v. *Stevens,* 103 Conn. 7, 18, 130 A. 249." *H. O. Canfield Co.* v. *United Construction Workers,* 136 Conn. 293, 299, 70 A.2d 547. Here, the statute, § 25-54n, provided the exceptional case mandating an injunction to enforce an administrative order in furtherance of a vital public interest. *United States* v. *Stevens,* 103 Conn. 7, 18, 130 A. 249; cf. *State Water Commission* v. *Norwich,* supra. The defendant argues that this interpretation of the statutes renders the concept

of judicial process meaningless. But that argument ignores the defendant's own failure to utilize the full judicial review available to it.

The defendant further argues that the statute created no new right since the state could accomplish the same result under a common-law nuisance theory. But when a nuisance is found to exist in a proper judicial proceeding, it then becomes the duty of the trial court—made mandatory by the statute and not subject to the exercise of discretion —to issue an injunction restraining the defendant from polluting the waters of the state. *United States* v. *Stevens,* supra, 18; see *State Water Commission* v. *Norwich,* supra; 43 C.J.S., Injunctions, § 14; cf. *Hammerberg* v. *Leinert,* 132 Conn. 596, 46 A.2d 420. It is the court's duty to carry out the intention of the legislature as expressed in the statutes it has enacted and make the remedy it has provided an effective and efficient means of abating water pollution. *United States* v. *Stevens,* supra, 20.

The final claim pressed by the defendant is that the cases are moot because, the defendant claims, it has ceased polluting the waters of the state. We do not consider the issue of mootness to be properly before us because the question of the existence of pollution is in the first instance a matter for administrative, not judicial, determination. See §§ 25-54h, 25-54n, and 25-54p. We do, however, note that it is somewhat incongruous for the defendant to press these appeals and nevertheless claim that the cases are moot because following the hearing from which it has appealed to this court it complied with the commission's orders. Furthermore, the seasonal nature of the defendant's operations suggests a possibility of recurrence of violations. An injunction is designed to deter, not to punish. *Hecht Co.*

v. *Bowles,* 321 U.S. 321, 329, 64 S. Ct. 587, 88 L. Ed. 754. A cessation of violations whether before or after institution of suit does not bar issuance of an injunction against further violations if there is a possibility of recurrence. *Allee* v. *Medrano,* 416 U.S. 802, 810, 94 S. Ct. 2191, 40 L. Ed. 2d 566; *United States* v. *Stevens,* 103 Conn. 7, 18, 130 A. 249. The commission having followed the provisions of § 25-54n of the General Statutes was entitled to the injunctions which were issued.

There is no error.

In this opinion the other judges concurred.