[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS AND DEFENDANT'S MOTION TO STRIKE AND PLAINTIFF'S MOTION TO STRIKE
On December 12, 1991, the plaintiff, the Commissioner of Environmental Protection, filed a one count amended complaint alleging that the defendant, New Waterbury Ltd., a California limited partnership, failed to comply with an order issued to it by the plaintiff on April 19, 1988. In the amended complaint, the plaintiff alleges that the defendant owns a dam located in Waterbury, Connecticut, known as the East Brass Mill Dam and also as the Scovill Dam. The plaintiff further alleges that the order issued by the plaintiff required the defendant to either perform certain remedial work on the dam or remove the structure. The plaintiff alleges that the defendant did not request a hearing before the plaintiff within thirty days from the mailing of the order and that defendant has failed to comply with the order.
On January 27, 1992, the defendant filed a motion to dismiss the plaintiff's action "for lack of subject matter jurisdiction in that the plaintiff has no authority to seek enforcement of an order not issued by the Commissioner of Environmental Protection and which order is also null and void for failing to make findings of fact mandated by [General Statutes]22a-402." (Defendant's Motion to Dismiss). On that same date, the defendant filed a motion to strike the plaintiff's action "for failure to state a claim upon CT Page 8734-C which relief can be granted in that an allegation of failure to comply with an order not issued by the Commissioner of Environmental Protection and which order fails to make findings of facts mandated by [General Statutes] 22a-402 is not enforceable in the Superior Court." (Defendant's Motion to Strike).
Along with both motions, the defendant filed memoranda of law in support. The plaintiff has filed a timely memorandum in opposition to both motions.
On February 10, 1992, before argument had been heard by the court on the defendant's motions, the defendant filed an answer with five special defenses.
On May 21, 1992, the plaintiff filed a motion to strike the defendant's first and second special defenses,[1] along with a supporting memorandum of law. The defendant has filed a memorandum of law in opposition to the motion to strike.
On June 2, 1992, the court heard argument on all three motions.
1. Defendant's Motion to Dismiss Plaintiff's Action
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682,687, 490 A.2d 509 (1985). The motion to dismiss admits all facts well pleaded; Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988); and the court must construe the allegations of the complaint most favorably to the plaintiff. American Laundry Machinery, Inc. v. State, 190 Conn. 212, 217,459 A.2d 1031 (1983). "When a question of jurisdiction is brought to the court's attention, that issue must be resolved before the court can move onto other matters." Isaac v. Mount Sinai Hospital,3 Conn. App. 598, 600, 490 A.2d 1024, cert. denied,196 Conn. 807, 494 A.2d 904 (1985).
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class CT Page 8734-D to which the proceedings in question belong." (Citation omitted; internal quotation marks omitted). Grant v. Ellingers, 221 Conn. 465, 470, 604 A.2d 814
(1992). "[E]very presumption is to be indulged in favor of jurisdiction." Id.
The defendant argues, in its memorandum of law in support of the motion to dismiss, that the court lacks subject matter jurisdiction over this case because the order was issued by the Deputy Commissioner rather than the plaintiff Commissioner himself. The defendant argues that General Statutes 22a-2 (b) does not authorize the plaintiff to delegate his authority to issue orders with respect to dams and reservoirs.
In addition, the defendant argues that the court lacks subject matter jurisdiction in that the order is null and void because the Commissioner failed to make a finding that the East Brass Mill Dam was in an unsafe condition.
In his memorandum in opposition to the motion to dismiss, the plaintiff argues that the defendant may not collaterally attack the administrative order because it did not appeal the order and request a hearing to contest it. The plaintiff further argues that the Deputy Commissioner is authorized to issue orders for the repair of dams. Finally, the plaintiff argues that he did not need to make a finding that the East Brass Mill Dam was unsafe prior to the issuance of this order.
The Deputy Commissioner's authority or lack of authority to issue orders of this nature does not implicate this court's subject matter jurisdiction. Further, the lack of a finding by the plaintiff that the dam was "unsafe" does not deprive the court of subject matter jurisdiction. An enforcement action brought by the Commissioner of Environmental Protection is among the general class of cases which the court has the power to hear. General Statutes 22a-b(a). Both of these arguments are more properly raised as special defenses.[2] Because the defendant's grounds for the motion to dismiss do not implicate CT Page 8734-E subject matter jurisdiction, the defendant's motion to dismiss is denied.
2. Defendant's Motion to Strike Plaintiff's Amended Complaint
Practice Book 112 provides the sequence in which to file pleadings. A motion to strike the plaintiff's complaint precedes the filing of an answer. Practice Book 112. Further, "when the court does not otherwise order, the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section." Practice Book 113. "The very words of 113, `when the court does not otherwise order' indicate, however, that the court has discretion to allow the filing of pleadings out of order." Sabino v. Ruffolo, 19 Conn. App. 402, 404,562 A.2d 1134 (1987).
The court finds that the defendant waived the right to pursue its previously filed motion to strike by filing an answer before the motion to strike had been pressed. Accordingly, defendant's motion to strike is denied. We note that the issues raised by the defendant's motion to strike have been since raised in the defendant's first and second special defenses.
3. Plaintiff's Motion to Strike Defendant's Special Defenses
In its first special defense, the defendant alleges that the plaintiff Commissioner is not authorized to institute this action because the order was issued by the Deputy Commissioner rather than the Commissioner himself. The defendant further alleges that General Statutes 22a-2 does not authorize the plaintiff to delegate his powers pursuant to General Statutes 22a-402, to the Deputy Commissioner.
In the second special defense, the defendant alleges that the plaintiff's order is null and void CT Page 8734-F because there was no finding by the plaintiff that the dam was "unsafe," as required by General Statutes22a-402, prior to the issuance of the order.
The function of a motion to strike "is to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original). Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). The court must construe the allegations of the pleading in the manner most favorable to the pleader. Blancato v. Feldspar Corp., 203 Conn. 34, 36, 522 A.2d 1235 (1987).
In his memorandum of law in support of the motion to strike, the plaintiff argues that the defendant is precluded from raising these special defenses because it could have appealed the order and requested a hearing pursuant to General Statutes 22a-408. The plaintiff relies heavily on the case of Water Resources Commission v. Connecticut Sand stone Corporation, 170 Conn. 27, 364 A.2d 208 (1975), to support his argument. In that case, the Connecticut Supreme Court stated, "[p]roper procedure required the defendant, if it desired to raise the question of reasonableness, to avail itself of the opportunity for an appeal which the statutes provided. `Having failed to do so, it cannot now be heard to complain about the reasonableness of the order.'" ("citations omitted"). Id., 33.
In Connecticut Sand Stone, the trial court refused to hear evidence supporting the defendant's special defenses that it was not polluting the waters of the state, as alleged by the plaintiff. Id., 30. The court stated that the "defendant at the hearing was in effect seeking a judicial decision as to the reasonableness of the commission's order." Id., 33. the court further stated that,
 [t]o allow the defendant to present at the hearing on the application for an CT Page 8734-G injunction evidence in support of its special defenses would be contrary to the obvious intent of the General Assembly as expressed in the statute providing for judicial review after administrative fact finding and would render the administrative process meaningless.
Id., 32-33.
Plaintiff's reliance on Connecticut Sand Stone is misplaced. The defendant's first and second special defenses do not dispute the reasonableness of the plaintiff's order nor do the special defenses dispute any fact finding conducted by the plaintiff. Rather, the defendant's special defenses dispute the validity of the plaintiff's order. The first special defense disputes the order's validity in that it was not issued by the plaintiff. Further, the second special defense disputes the order's validity because it was issued without a finding that the dam was "unsafe" as required by General Statutes 22a-402. Because the defendant's special defenses do not dispute the reasonableness of the plaintiff's order, defendant is not precluded from raising these issues as special defenses.
The plaintiff further argues, in his memorandum of law in support of the motion to strike, that the first special defense should be stricken because General Statutes 22a-2(b) authorizes the plaintiff to delegate his authority to issue orders relating to the repair of dams. The plaintiff further argues that the defendant's second special defense should be stricken because General Statutes 22a-402 does not require the plaintiff to make a formal finding that a dam is "unsafe" prior to the issuance of an order to repair it. Rather, the plaintiff argues that "[t]he finding of the statute is merely the administrative consequence of the site inspection." (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss and Motion to Strike, p. 9).[3]
The defendant alleges in its first special CT Page 8734-H defense, that the relevant statutes allow the plaintiff Commissioner to bring this action only when the Commissioner himself personally issues the order to repair or remove the dam. In the second special defense, the defendant alleges that the relevant statutes require the plaintiff to make a finding that the dam is "unsafe" prior to issuing an order to repair or remove. For purposes of a motion to strike, the allegations in the challenged special defenses are deemed admitted. See Mingachos, supra. The plaintiff is attempting to reach the merits of the special defenses rather than test their legal sufficiency. Accordingly, the plaintiff's motion to strike the defendant's first and second special defenses is denied.
Mary R. Hennessey, Judge