[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSE
This matter involves an effort by the plaintiff commissioner to enforce an unappealed administrative order issued by the commissioner pursuant to Sections 22a-432 and22a-433 of the general statutes. The unappealed order required the defendants to investigate the scope and extent of pollution on and emanating from their land and to remediate that pollution. The plaintiff seeks a mandatory injunction requiring the defendants to comply with the order and as it now claims a civil penalty because they CT Page 11112-F failed to do so. The defendants filed a revised fourth special defense to the plaintiff's action claiming they are entitled to the protections set forth in Public Act No. 93-375 of the general statutes since they are innocent landowners.
The plaintiff now seeks to strike this special defense on the grounds that it is legally insufficient. The pleadings must be read in a light most favorable to the defendants. Thus the dispute between the parties does not center on whether the defendants meet the definition of "innocent landowner" as defined in the first section of the public act but rather focuses on the following question: assuming the defendants meet the definition of innocent landowners in the public act, what protections or defenses does the public act give in a situation where in attempting to enforce an unappealed administrative order the plaintiff commissioner has sought injunctive relief and civil penalties?
It should also be noted that the plaintiff's legal claims are set forth in the first count of the complaint. The plaintiff moved for partial summary judgment on the issue of liability as to this count. After the motion was argued but before it was ruled upon the defendants filed their fourth special defense. Another judge granted the motion for partial summary judgment and determined that the defendants were liable to comply with the requirements of the unappealed order.
The plaintiff then filed an additional memorandum claiming this decision on the motion for summary judgment is now the law of the case and the judge's ruling on the motion for summary judgment "should not be disturbed by allowing the defendants to litigate the Revised Fourth Special Defense and reopen liability." First it should be said that whatever "law of the case means" it must not be so broadly applied as to preclude a party from arguing a specific statutory or legal claim that was never before the judge who made a prior ruling. The underlined word noted above from the plaintiff's supplemental memorandum is "litigate" not relitigate. Also, the plaintiff has not objected to the raising of the fourth special defense merely because it was interjected into the case after the motion for summary judgment was filed or argued. That CT Page 11112-G being the case I believe I have to deal with the issue on the merits.
However, it is true that the well-reasoned opinion of the judge who granted the motion for summary judgment does support effectively the plaintiff's argument that there was a valid order from the commissioner which he had jurisdiction to issue and that in fact the defendants failed to appeal that order. In fact the defendants have admitted they did not appeal the order in their answer to paragraph 8 of the First Count.
The first issue raised by the motion to strike involves around an interpretation of Section 2(d) of Public Act No. 93-375 which in relevant part provides:
 . . . "[t]his section shall apply to any spill or discharge which occurred before or after the effective date of this act except that it shall not affect any enforcement or cost recovery action if such action has become final and is no longer subject to appeal, prior to the effective date of this act (emphasis added).
If "action" is taken to mean the process by which the commissioner issues orders to landowners under the act see § 22a-433, then the fourth special defense is legally insufficient since the commissioner's order is final and was not appealed prior to the public acts effective date. Indeed the commissioner in its brief argues that "enforcement action" means "proceedings during which landowner liability for pollution abatement and the scope of the order requiring remediation are determined."
However, the defendants argue that the words "enforcement action" refers to the very suit that is now before the court which, of course, "is presently pending, has not yet been finalized is certainly subject to appeal by either party once judgment has been rendered." Therefore, the defendants argue that they are entitled to rely on the innocent landowner defense despite their failure to appeal the commissioner's order and that the legislature intended such a result in Public Act 93-375. CT Page 11112-H
The plaintiff does not contest the fact that if in fact the legislature wished to give the relief the defendants now claim it could have accomplished such a result by explicitly worded legislation.
The plaintiff argues that here we have an unappealed order regarding pollution abatement by an agency charged with protecting the environment and public health and safety. The thrust of the plaintiff's argument is that statutory language should very explicitly abrogate the rights of a public agency to enforce such an order before any new statutory language is held to have that effect.
The plaintiff notes that an elementary rule of statutory construction requires that a radical departure from well-established policy won't be implied but must be expressly stated in unequivocal language, Jennings v. CLP,140 Conn. 650, 667 (1954). The plaintiff argues that "two basic principles of administrative jurisprudence, the res judicata effect of unappealed orders and exhaustion of administrative remedies would be abrogated if Section 2(d), the repose provision of Public Act 93-375, were interpreted to allow a litigant subject to an unappealed order to relitigate unappealed issues during a subsequent suit to compel compliance. Interpretation of `enforcement action' in the manner urged by the defendants would accomplish this result." Also Water Resources Commission v. Conn. Sand Stone Corp., 170 Conn. 27, 33 (1975) holds that the commissioner is entitled to an injunction compelling compliance with an unappealed abatement order upon proof the order has been violated. To be consistent with this case "enforcement action" on Section 2(d) of the Public Act "must be construed so as not to apply to suits to compel compliance with unappealed orders."
The plaintiff's concerns are somewhat circumscribed by the fact that any court decision will affect only a select class of cases — unappealed orders issued before the enactment of Public Act 93-375. I assume the commissioner in the future intends to comply with the requirements of the act in issuing his orders and conducting his hearings and parties intending to rely on the defense would have to do so during the administrative process. Besides there are limits on the relief the act gives to "innocent CT Page 11112-I landowners" — I agree that it doesn't apply to injunctions or civil penalties as will be shortly discussed.
I would even go beyond the plaintiff and state that it should be accepted as a principle of statutory construction that unappealed orders of agencies charged with protecting the environment and public welfare should not be held to be abrogated by legislation unless that legislation explicitly and unequivocally requires that result not only for the reasons advanced by the plaintiff. It is also true that such a result would display a lack of regard for the independence and expertise of administrative agencies and in some cases might create a public perception that the legislature was acting on a whim or at worse caving into special interests dissatisfied with an administrative agency order which wasn't even challenged or appealed during the very administrative process the legislature has established.
But the court not having received a legislative mandate can't impose its views so as to contradict statutory language, especially in light of the fact that no constitutional issues of personal rights or liberty are involved.
My problem with the plaintiff's broad position is based on a reading of the language amending Section 22a-433
as it presently reads and Section 22a-435 which governs the commissioner's power to secure injunctive relief.
I start with the common sense observation or assumption that when the legislature used the words "enforcement action" in one part of the new public act that they intended them to have the same meaning in another part of the same act.
As noted, Section 2(d) of the act reads:
 (d) This section shall not apply to any spill or discharge which occurred before or after the effective date of this act, except that it shall not affect any enforcement or cost recovery action if such action has become final, and is no longer subject CT Page 11112-J to appeal, prior to the effective date of this act.
Section 3 explicitly amends Section 22a-433 in the following manner:
 . . . "Any owner to whom such an order is issued or who receives a certified copy of an order pursuant to this section shall be entitled to all notices of, and rights to participate in any proceedings before or orders of the commissioner and to such hearings and rights of appeal as are provided for in sections 22a-436 and 22a-437. An innocent landowner as defined in section 1 of this act, shall not be held liable except through imposition of a lien against the contaminated real estate under section 22a-452a, for any assessment fine or other costs imposed by the state under this section in any enforcement or cost recovery action if such action has become final, and is no longer subject to appeal prior to the effective date of this act." (emphasis added)
The last sentence represents the amendment to section22a-433. My problem with the plaintiff's position is that the underlined words contemplate an enforcement action where a fine can be imposed. My understanding of the statutory scheme is that fines are imposed under Section22a-438 by the superior court in actions brought for that purpose to the courts so that "enforcement action" can't have the meaning the plaintiff now wishes to give to it but must refer to suits in court.
When the legislature was concerned about the effect of finality of orders and the fact that they weren't appealed it knew very well how to distinguish between proceedings or hearings before the administrative agency and suits brought already to court. Thus in Section 22a-435 which concerns the commissioner's power to secure an injunction the legislature provided the commissioner can go to court to CT Page 11112-K ask for injunctive relief where an order has been issued "and no request for a hearing on such order or appeal therefrom is pending and the time for making such request or taking such appeal has expired."
I will not grant the motion to strike on the broad claim that since an unappealed order is involved here the innocent landowner defense can't be raised. This is a different issue from the question as to whether the act can be read to give a landowner a specific defense to the type of relief sought by the commissioner in this case.
The other reason advanced by the plaintiff for its motion to strike is based on its reading of sections 2(a) and 3 of the public act. They read as follows:
 Sec. 3 (NEW) (a) an innocent landowner holding or acquiring an interest in real estate that has been subject to a spill or discharge shall not be liable, except through imposition of a lien against the real estate under section 22a-452a of the General Statutes, for any assessment, fine, or other costs imposed by the State for the containment, removal or mitigation of such spill or discharge.
. . .
 Sec. 3 Sec. 22a-433 of the General Statutes is repealed and the following is substituted in lieu thereof: An innocent landowner, as defined in Sec. 1 of this Act, shall not be held liable except through imposition of a lien against the contaminated real estate under section 22a-452a, for any assessment, fine or other costs imposed by the State under this section . . . .
This is an action for injunctive relief and what the CT Page 11112-L plaintiff claims are civil penalties.
An "injunction" is not an "assessment", a "fine" or a "cost" of any kind. The legislature, of course, is familiar with the words "injunction" and "enjoin" and could have explicitly used such language if it so intended. See § 22a-435. Clearly the legislature was concerned with the plight of innocent landowners after Starr v. Commissionerof Environmental Protection, 226 Conn. 358 (1993) but it is difficult to imagine they would go so far as to prevent injunctive relief to bar the emission of what may be dangerous pollutants from the property of even innocent landowners. Also I would agree with the plaintiff that insofar as its prayer for relief can be categorized as one for "civil penalties", such penalties are not an "assessment, fine or other costs imposed by the state for the containment, removal or mitigation for such spill or discharge." "Civil penalty" and "fine" are words of art in this area of statutory regulation and have distinct meanings — cf, subsections (a), (b), and (c) of section22a-438 of the general statutes. Also see Carothers v.Cappaziello, 215 Conn. 85, 103-105 (1990) which indicates that reimbursement to the state for clean-up costs is not one of the factors to be considered in assessing a civil penalty.
However, in paragraph 2 of the request for relief the plaintiff asks that judgment be awarded to it
 . . . "for the reasonable costs and expenses of the state in detecting, investigating, controlling and abating the violations by the defendants at the site, pursuant to gen. stat. § 22a-6a for which execution may issue."
The plaintiff in its memorandum of May 11, 1994 characterizes this request by the commissioner as one "to recover his costs, pursuant to Conn. Gen. Stat. § 22a-6a, of determining whether or not the defendants complied with the subject order." The above-quoted request for relief goes much beyond that and seeks relief that would be impermissible if the innocent landowner defense applied. The judge who granted the summary judgment didn't have that defense before him. I have to give the pleadings an CT Page 11112-M interpretation that is most favorable to the party against whose pleadings the motion to strike is directed so I will deny the motion to strike.
Corradino, J.