[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS
By summons and verified complaint, the plaintiff Commissioner CT Page 4539 filed an action seeking a permanent injunction and forfeiture penalties against the defendants. The defendants have filed a motion to dismiss claiming the court has no subject matter jurisdiction over this matter because the plaintiff Commissioner of Environmental Protection has failed to exhaust administrative remedies.
This matter is involved with the attempt of one of the defendants to secure a permit to divert and discharge state waters in conjunction with its quarry operations. The defendants maintain that they have complied with the permit process established by the Department of Environmental Protection (DEP) but that the DEP did not conclude the necessary hearings on the defendants' application for a permit or it did not issue a decision upon the conclusion of those hearings. Thus the defendant's argue the DEP has failed to exhaust its administrative remedies.
Failure to exhaust administrative remedies creates a lack of subject matter jurisdiction. As pointed out in Cannata v. DEP,215 Conn. 616, 622 (1990): "it is a settled principle of administrative law that if an adequate remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." The exhaustion doctrine therefore implicates subject matter jurisdiction as the defendants point out, HousingAuthority v. Papandrea, 222 Conn. 414, 420 (1992).
DEP has failed to exhaust its own administrative remedies by failing to issue a decision on the defendants' reapplication for a permit. In fact, argue the defendants, the prayer for injunctive relief would have been rendered moot if the reapplication had simply been denied. If DEP had acted then the defendants could have appealed an adverse decision to the court so not only were the defendants deprived of the protection the administrative procedure would have afforded them, but also of their statutory access to the courts.
The defendants indeed make a novel argument and concede they could find no authority for their position. They note that in "virtually every case they have encountered the party complaining of failure to exhaust is the state agency."
But the defendants argue the same good reasons for applying exhaustion doctrine here exists as it does in other cases. Agencies set up by the legislature should hear regulatory matters CT Page 4540 in the first instance; they have expertise, they can develop policy, and if they resolve matters pending before them it may render judicial review unnecessary, Housing Authority v.Papandrea, 222 Conn. at pp. 420-421, Cannata v. DEP,215 Conn. at p. 627. Therefore, the doctrine should apply here and DEP's request for injunctive relief should be denied because it failed to exhaust its own administrative remedies and procedures.
The reason why the defendants haven't found cases applying the exhaustion doctrine to state agencies is a good one. Such an application of this doctrine would subvert the reason for setting up certain administrative agencies in the first place. Such agencies are set up to intervene in and regulate activities by private individuals or companies which are seen as presenting a danger or the possibility of a danger to public health, safety or the environment. The agencies are themselves part and parcel of an entire regulatory scheme that also may set up a licensing or permit system administered by the agency. People denied licenses or permits to conduct their activity in the protected or concerned area subject to the agency's regulation have a right to appeal to the courts. The agency itself is often given powers to issue cease and desist orders. Such agencies are also given the right to go to the courts to seek injunctive relief, cf for example. Hazardous Waste, §§ 22a-114 et seq., Radiation and Radioactive Materials §§ 22a-148 et seq., Air Pollution Control, §§ 22a-170 et seq.
The defendants fail to recognize that the licensing and permit provisions of these acts and of the act now before the court are a part of the regulatory mechanism itself. The defendants by the very act of filing for a permit recognize the agencies jurisdiction to deal with the problems or issues raised by their desire to operate their business in a certain way. There is nothing in the Water Diversion Policy Act, § 22a-365 et seq. to indicate that the permit and licensing procedure — obviously set up to foster the policy goal which provided the reason for the act — were meant to delay or forestall the agency's right to secure injunctive relief which when found appropriate also fosters the purposes of the act. The undesirable implications of the defendant's position are well stated in the plaintiff's brief. It would be against public policy to delay enforcement actions by forcing an agency such as DEP to wait out a permit application process that could go on for months while the party seeking the permit may be violating the regulatory act. CT Page 4541
The exhaustion doctrine makes sense when a party is aggrieved by agency action or inaction. The court's should not intervene if the agency with expertise in dealing with the issue before it can give a complaining party relief from the agency's action or failure to act. It would really be a judicial usurpation of the strong legislative intent expressed by ameliorative acts protecting the environment or public safety for a court to hold that the operation of one aspect of the regulatory scheme — the permit process — should be interpreted in such a way as to permit a delay in another aspect of the regulatory scheme — the power to secure an injunction.
Furthermore, defendants at any injunction proceeding may not be without remedy or relief if they can establish an unwarranted and unnecessary delay in a permit or licensing process. This is a statutory injunction and when they are sought it has been held that the state need not show irreparable harm, Johnson v.Martinez, 1 Conn. App. 176, 179 (1984), Conservation Commissionv. Price, 173 Conn. 414, 429 (1984), Burns v. Barrett, 212 Conn. 176,179 (1989), cf. Law of Remedies, Dobbs 2d Ed. Vol. 1, § 2.10, "Statutory Injunctions" pp. 243-249. It may not be appropriate to follow this rule where the party opposing the injunction hasn't had a chance to contest the basis of an agency action or appeal from it, cf. TUA v. Hill, 437 U.S. 153, 172
(1978), Water Resources Commission v. Conn. Sand Storage Corp.,170 Conn. 27, 30-33 (1975). But this does ot [not] raise a question of the power of the court to hear the injunction but only concerns the allocation of burdens of proof in any injunctive proceeding.
The motion to dismiss is denied.
Corradino, J.